(No. 18040—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LIONEL A. SHERWIN, Plaintiff in Error.

*Opinion filed April 20, 1929—Rehearing denied June 5, 1929.*

LARAMIE & SHERWIN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The circuit court of Cook county entered an order and judgment finding the plaintiff in error, Lionel A. Sherwin, guilty of a direct contempt of that court, assessed a fine of $300 against him, and entered an order that in default of payment of the fine he be committed to the jail of Cook county for a period not to exceed thirty days or until he

might be otherwise discharged by due course of law. Plaintiff in error sued out a writ of error in the Appellate Court for the First District for the review of the record, and that court affirmed the judgment of the circuit court. He sued out a writ of error in this court for a further review of the record.

The record shows by its recitals that plaintiff in error was attorney for the defendants in the case of Steve Toht vs. Louis K. Brown et al. No. 101201, which was pending for trial in the circuit court of Cook county on the docket of Judge Torrison, of that court; that while the case was so pending for trial plaintiff in error was served with notice by the attorney for the plaintiff in that case that said attorney would appear at a certain time before Judge Torrison and file a petition charging plaintiff in error with "criminal constructive contempt;" that a rule was entered by Judge Torrison requiring plaintiff in error to answer the petition charging him with such contempt; that plaintiff in error filed his answer under oath denying the allegations of the petition and that the case was set for a hearing; that after hearing the evidence Judge Torrison entered an order finding plaintiff in error not guilty of such contempt but in his order made findings of fact that seem to have been very objectionable to plaintiff in error; that after the order finding him not guilty of contempt had been entered by Judge Torrison the case was assigned to Judge Harry M. Fisher, another judge of the circuit court, and while it was pending for trial before Judge Fisher, and on November 2, 1925, plaintiff in error presented to Judge Fisher and filed in the circuit court in said case his petition, in which he asked to have the findings of fact entered in the contempt proceedings of Judge Torrison expunged from the record. It was for the presenting and filing of this petition before Judge Fisher that plaintiff in error was found guilty of direct contempt, and it was Judge Fisher, presiding as circuit judge, who entered the order and judgment

which plaintiff in error now asks to have reviewed by this writ of error.

The petition of plaintiff in error sets out that prior to the time the charge of contempt was filed against him before Judge Torrison, the latter had shown a vindictive and hostile spirit toward plaintiff in error to such an extent that plaintiff in error had advised his clients who had cases pending before Judge Torrison that he could not represent them in the court of said judge, and that in one case, at the request of his client, plaintiff in error had prepared a petition for change of venue from Judge Torrison, which had been allowed, and that in another case the hostility of Judge Torrison toward plaintiff in error was very pronounced and apparent.

The petition of plaintiff in error contains, among others, the following allegations: "When this cause came on the 8th of October on petition and sworn answer to the rule, petitioner asked what was there more to be heard, and stated to Judge Torrison that petitioner must be judged on his answer. Judge Torrison refused to follow the law of the State of Illinois and directed that a hearing be had and heard oral evidence contrary to the law of the State of Illinois, and notwithstanding the fact that such oral evidence clearly vindicated petitioner of any wrongdoing said Judge Torrison entered a finding of facts in an order so entered in this cause on April 21, 1925, and in the same order, in the last paragraph, discharged the rule and found your petitioner not guilty, though by his findings of fact as set up in said order, judgment or decree, or whatever it is which Judge Torrison filed in this case on April 21, 1925, though untrue and not supported by any legal or competent evidence, finds certain facts against petitioner, with the sole aim and purpose to humiliate and shame petitioner and blast the reputation of the petitioner." The prayer of the petition is as follows: "Petitioner now prays that this so-called order, judgment or decree, or whatever

it may be called, of April 21, 1925, and particularly pages 1, 2 and 3, and all but paragraph 4 on page 4, be expunged from the records of this court; and your petitioner prays for other and further relief in this matter because your petitioner says that this so-called order, judgment or decree, and particularly the findings of fact therein, are contrary to law, not based on any law, and are a result of hatred and vindictiveness of said Judge Torrison towards petitioner."

The first contention of plaintiff in error is, that the petition filed by him amounts merely to a criticism of the action of Judge Torrison in making the findings of fact contained in the order entered by him and which plaintiff in error sought to have expunged from the records of the court, and that, even though such criticism might have reflected upon the integrity and honesty of Judge Torrison, it concerned a matter which had been finally disposed of by him and could not, therefore, be considered a contempt of court. Plaintiff in error cites *Stuart* v. *People,* 3 Scam. 395, and *Storey* v. *People,* 79 Ill. 45. In these two cases it was held that criticism of a court in newspaper articles did not amount to a contempt of court. In the latter case the matter published reflected upon the honesty and motives of grand jurors in finding certain indictments. The indictments, at the time of the publication, had already been returned into court, and there was no showing that any further proceedings were being had or to be had before the grand jury concerning those cases. There was nothing in the articles, therefore, having a tendency to impede, embarrass or obstruct the grand jury in the discharge of any of its duties to be performed after the publications were made. It was held that under our constitution the right freely to speak, write and publish on all subjects is guaranteed, and that courts are not exempt from criticism or attack in a manner which does not directly hinder or embarrass them in the discharge of their duties. In the

*Stuart case* this court said: "Respect to courts cannot be compelled. It is the voluntary tribute of the public to worth, virtue and intelligence, and whilst they are found upon the judgment seat, so long, and no longer, will they retain the public confidence. If a judge be libeled by the public press, he and his assailant should be placed on equal grounds and their common arbiter should be a jury of the country, and if he has received an injury, ample remuneration will be made." The rule of law announced and followed in those cases is supported by the great weight of authority, which is to the effect that to restrain or punish a criticism of the official conduct of judges or courts as to matters terminated would be an infringement upon the constitutional guaranty of freedom of speech, and that in this respect judges and courts stand in no better position than other public officers or tribunals. (17 L. R. A. (n. s.) 572, 585.)

Plaintiff in error also cites *In re Dalton,* 46 Kan. 253, 26 Pac. 673. In that case an attorney was found guilty of contempt of the district court because of criticism of the acts and declarations of the judge of that court contained in a brief filed in the Supreme Court. The judgment was reversed by the Supreme Court, which quoted with approval from the case of *In re Pryor,* 18 Kan. 72, to the effect that if a case is disposed of in 'the court in which it originated or is pending, "a court or judge has no power to compel the public, or any individual thereof, attorney or otherwise, to consider his rulings correct, his conduct proper, or even his integrity free from stain, or to punish for contempt any mere criticism or an animadversion thereon, no matter how severe or unjust."

The instant case, however, is not a case where the action of a court has been criticised in the public press, or in statements made outside of that court, or in a pleading, brief or paper filed in a different court. It is not true that the language employed is used concerning a matter

which had been finally disposed of, because the language is used in a petition filed for the purpose of having changed and amended the order entered by the judge against whom the criticism is directed. In other words, by the petition, for the filing of which plaintiff in error was found guilty of contempt, he sought to open up the proceedings in which the findings of fact by Judge Torrison were made. The language employed by plaintiff in error in his petition amounted to a charge that Judge Torrison had deliberately entered an order containing findings of fact which said judge knew to be contrary to both the law and the evidence, solely for the purpose of venting his hatred and wrath upon plaintiff in error and ruining his reputation. This amounted to a charge that Judge Torrison was wholly unfit to occupy the position held by him and that he was actuated by the basest of motives in the discharge of his duties of office. It amounted to a reflection upon the integrity of the court in which the petition was filed.

Any act which is calculated to embarrass, hinder or obstruct the court in the administration of justice or to lessen its authority or dignity is a contempt. (*People* v. *Cochrane,* 307 Ill. 126.) Contempt may be committed by incorporating impertinent, scandalous, insulting or contemptuous language reflecting on the integrity of the court in pleadings, motions and notice of motions. (13 Corpus Juris, 31, 32.) In *Lamberson* v. *Superior Court,* 151 Cal. 458, 91 Pac. 100, an attorney was held guilty of contempt of court in filing an affidavit in support of a motion for change of venue from the judge, alleging that in a former trial of the case the judge willfully made erroneous rulings on the admission of evidence and gave erroneous instructions to the jury because of ill-will toward and hatred of the party making the application. In *McCormick* v. *Sheridan,* 20 Pac. (Cal.) 24, an attorney was held guilty of contempt in filing a petition for rehearing in which the good faith and sincerity of the commissioner who had writ-

ten the opinion adopted by the court was attacked. In *In re Dunn*, 85 Neb. 606, 124 N. W. 120, an attorney was held guilty of contempt of court in filing a petition for rehearing containing contemptuous and insolent language. See, also, the cases of *In re Chartz*, 29 Nev. 110, 85 Pac. 352; *In re Wooley*, 11 Bush, 95; 5 L. R. A. (n. s.) 916, note. In *Clair* v. *State*, 40 Neb. 534, 59 N. W. 118, cited by plaintiff in error, a motion to quash an indictment was filed in which it was stated that the grand jury which returned the indictment was prejudiced against the defendant because the judge's charge to the grand jury was "inflammatory." The court in which the motion was filed adjudged the attorney filing it guilty of contempt. The Supreme Court reversed the judgment, finding that the allegation that the charge was inflammatory was warranted. The language employed in the motion to quash in that case was respectful and charged the judge merely with abuse of discretion. It did not attack the judge's honesty or integrity.

Plaintiff in error also contends that, assuming the statements in the petition filed by him to be contemptuous, the filing of the petition was not a direct contempt, and that the court therefore erred in refusing him leave to file an answer to the rule to show cause why he should not be held in contempt. Contempts are classified as direct and constructive. A direct contempt consists of something done or omitted to be done in the presence of the court tending to impede or interrupt its proceedings or lessen its dignity. In such case the contempt may be punished summarily and without any preliminary affidavit, process or interrogatory. (*Tolman* v. *Jones*, 114 Ill. 147; *People* v. *Gard*, 259 id. 238; *People* v. *Cochrane, supra.*) Constructive contempt consists of an act done, not in the presence of the court but at a distance, which tends to obstruct, interrupt, prevent or embarrass the administration of justice. (*People* v. *Wilson*, 64 Ill. 195.) In such case the contempt must be brought to the attention of the court by preliminary

petition supported by affidavit, notice given to the party accused, and an opportunity given him to answer the charge. *People* v. *McDonald,* 314 Ill. 548.

In this connection it is insisted that the contemptuous language was not used of Judge Fisher, to whom the petition was presented, and therefore there is no direct contempt. In *People* v. *Cochrane, supra,* this court quoted with approval from another case, as follows: "The judge is not the court, the court room is not the court, the jury room is not the court, nor is the petit jury the court, but the court consists of all these combined, and wherever any constituent part of the court is engaged in the prosecution of the business of the court according to law there the court is present." The petition in this case was presented to the judge of the court in open court and was there filed. It was presented and filed in the circuit court of Cook county and contained contemptuous language reflecting upon the integrity of one of the judges of that court in his action in a proceeding to which the petition related. The fact that the contemptuous language was used concerning the action of a judge other than the one to whom the petition was presented we regard as immaterial, since the petition was presented to a judge of the same court and related to the action of a judge of that court in a matter to which the petition related. The presentation of this petition to the judge in open court and the filing of it in the records of the court we regard as a direct contempt of court and not a constructive contempt, since the case was thereby brought to the direct attention of the court, and it was unnecessary that a petition be prepared and presented to the court to call his attention to the matter. It was such a contempt, therefore, as could be punished summarily, and we do not regard the action of the court in refusing plaintiff in error leave to file an answer to the rule to show cause as error. The purpose of the petition filed by plaintiff in error was to expunge from the record the findings of fact

contained in the order of Judge Torrison. It might be that he is entitled to the relief sought by that petition, but if so, he was entitled to relief solely because such findings of fact were improperly made. To accuse the judge who entered such order of base conduct and of being actuated by improper motives added nothing to his petition in the way of showing he was entitled to the relief sought. In any answer that he might have been permitted to file he could only reiterate that the charges made were true or that they were made inadvisedly and without intent to be contemptuous. In either case the answer would not purge him of contempt. The disclaimer by plaintiff in error of any intentional disrespect to the court or any design to embarrass the administration of justice would have been of no avail, since his meaning and intent must be determined from the words used in his petition. (*People* v. *Wilson, supra.*) In direct contempt committed in the presence of the court there is no need of evidence to prove what is already manifest. (*Hohenadel* v. *Steele,* 237 Ill. 229.) Whatever may have been the motive of plaintiff in error in using the language which was used in the petition filed by him, the use of such language was improper and constituted a direct contempt of the court in which such petition was filed, and the circuit court did not err in so finding.

The case of *Dinet* v. *People,* 73 Ill. 183, cited by plaintiff in error, is no authority for the contention made by him in this court. In that case the contempt was not a criminal contempt but consisted of a failure to comply with a decree of court ordering the respondent to pay money. The case of *People* v. *McDonald,. supra,* also cited by plaintiff in error, involved a constructive and not a direct contempt.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*