The People of the State of Illinois, Appellee, v. Lionel A. Sherwin, Appellant.

**Gen. No. 36,185.**

Opinion filed February 6, 1933.

LIONEL A. SHERWIN, *pro se.*

JOHN A. SWANSON, State's Attorney, and JOHN E. PEDDERSON, Assistant State's Attorney, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendant, Sherwin, seeks to reverse an order of the circuit court of Cook county denying his motion to quash an execution, issued in a contempt proceeding, whereby the defendant was found guilty of a direct contempt of court and a fine of $300 was imposed. The judgment order provided that in case the defendant did not pay the $300 he should be committed to the common jail of Cook county for a period not exceeding 30 days or until he might be otherwise discharged according to law.

The defendant contends that since the order adjudging him to be in contempt of court and imposing the fine of $300 was entered December 11, 1925, and since nothing was done to enforce the judgment until March 26, 1926, when application was made to the court for the order authorizing an issuance of *capias,* and since the *capias* was never issued and nothing done thereafter until July 18, 1930, when an execution was issued but not placed in the hands of the sheriff, and nothing having been done thereafter until June 5, 1931, when an alias execution was issued and defendant served, he was entitled to be discharged. In support of this contention defendant cites sec. 15, ch. 38, Cahill's 1931 Statutes, ¶ 788, and *People v. Shattuck,* 274 Ill. 491.

Sec. 15, ch. 38, p. 1093, Cahill's 1931 Statutes, ¶ 788, provides that where a court imposes a fine, an execution to enforce payment of it must be issued at the

same term the sentence is imposed; that "the clerk of the court in which the conviction is had shall, at the end of the term, issue an execution for every fine that shall have been imposed during the term, and remains unpaid." Obviously, this section does not apply because in the instant case the defendant was not convicted of a crime but of a direct contempt of court.

In the *Shattuck* case it appeared that in November, 1909, the defendant pleaded guilty to an information charging him with a violation of the Prohibition Law of this State, and a sentence was imposed condemning him to pay $620 and that he be confined in the county jail until the fine was paid. Upon the judgment being entered, the defendant paid $100 on account of the fine and moved the court to vacate and set aside the jail sentence. Nothing was done with this motion until December 20, 1915; on that date the defendant moved the court to discharge him from the judgment entered November, 1909. The motion was overruled and afterward the defendant filed an original petition for writ of habeas corpus in the Supreme Court, which was awarded and he was discharged. The court discusses a number of authorities where persons were found guilty and the sentence suspended indefinitely, and said (p. 494): "In the case at bar the facts are different, as there was a judgment of conviction duly entered, but it is very apparent that the execution of such judgment was suspended by the court pending his decision on the motion by the relator that the part of the judgment imposing imprisonment for 60 days be vacated. The result is the same whether the court, upon conviction or plea of guilty, delays entering judgment and pronouncing sentence or enters judgment and then indefinitely delays the carrying out of such judgment by delaying decision of a motion to vacate the judgment." The court then discusses section 15 of division 14 of the Criminal Code, which provides that when a fine is inflicted the court may order as a

part of the judgment that the offender be committed to jail until the fine is paid. We think this case is not in point.

In the instant case the judgment finding the defendant guilty of contempt of court was entered December 11, 1925. There was no suspension of this judgment at any time. But in any view of the case there is no merit in this appeal because the delay in enforcing the judgment was brought about to a great extent by the defendant himself.

In his brief defendant says, "There was no supersedeas issued to stay the order." And further: "It is, of course, true that had a supersedeas issued staying proceedings in the court below that appellant could not have invoked the foregoing provision in the statute. But there was no supersedeas issued and there was no order from this court staying the clerk of the court, or the State's Attorney from enforcing the collection of the fine, and, as the record shows, from the date of the entry of the order, December 11, 1925, to June 5, 1931, nothing had been done by the clerk nor by the State's Attorney of Cook county in the matter, and more than the term having gone by, the collection or enforcement of the fine was barred, as the provision in said Sec. 15, Div. 14, is mandatory." The statement just quoted is wholly unwarranted. After the defendant was found guilty of direct contempt of court December 11, 1925, on defendant's motion the *mittimus* was stayed for 30 days upon his giving bail in the sum of $600 pending his application in this court for a supersedeas. He sued out a writ of error from this court and made a motion that the writ of error be made a supersedeas, which was denied. Afterward, November 17, 1926, an opinion was handed down by this court, whereby the judgment of the circuit court imposing the penalty was affirmed. A few days thereafter the motion of the defendant to stay the mandate of this court pending

a review by the Supreme Court was allowed. November 29, 1926, after the case was pending in the Supreme Court, defendant's motion that a writ of error issue from that court to review the judgment of this court was made a supersedeas upon the defendant entering into a recognizance before the sheriff of Cook county in the penal sum of $1,000. Thereafter the judgment of this court was affirmed by the Supreme Court. *People v. Sherwin,* 334 Ill. 609. The rehearing in that case was denied June 5, 1929.

From what we have said it is obvious that the defendant is but trifling with the court. Although the judgment was rendered against him in December, 1925, he has succeeded in preventing the carrying out of the judgment for a number of years—until the decision was rendered by the Supreme Court in 1929—and he now seeks to take advantage of the delay brought about by himself, which obviously he cannot do.

Counsel for the People in their briefs say that they were not required to have an execution issue and a demand made upon the defendant, but did this only out of consideration for the defendant; that an execution is unnecessary because a *mittimus* can be obtained at any time. We think this argument is sound. There is no merit in this appeal, and the order and judgment of the circuit court of Cook county are affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.