(Nos. 24810, 24811.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JULES ROSENTHAL, Plaintiff in Error.—THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARTIN EVEN, Plaintiff in Error.

*Opinion filed December 15, 1938.*

HERBERT M. WETZEL, and W. J. EARLEY, (G. H. SUG-RUE, of counsel,) for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Jules Rosenthal and Martin Even were found guilty of contempt by the criminal court of Cook county, and sentenced, respectively, to three and five days in the county jail. The Appellate Court for the First District affirmed those judgments, and Rosenthal and Even have sued out separate writs of error here. The cases have been consolidated for hearing.

On April 7, 1937, the State's attorney of Cook county, by an assistant, filed an information charging contempt against the twelve jurors who served in the Frank V. Zintak trial, which began January 5, 1937. The information charged that Rosenthal, Even and the other jurors, violated the trial judge's instructions that they be kept together and that they be not permitted to make contact with outsiders during the trial. It was charged that intoxicating liquors were brought to the jurors' quarters after the court sessions; that the jurors, accompanied by a deputy sheriff and bailiff, visited various taverns where they drank, conversed and danced with other customers.

It was also charged that they abused the permission given them by the court to take a bus ride on Sunday, January 31, 1937, by using the bus to make the round of taverns and that on this trip they were disorderly, drank intoxicants in the presence of other customers, played slot machines, sang, purchased liquor to take back to their quarters with them, and that they announced in some of the taverns that they were the Zintak jurymen. The information also charged that, knowing they had violated the court's directions, the twelve agreed to withhold knowledge of their conduct from the trial judge. February 3, 1937, the jury acquitted Zintak of the charge of larceny by embezzlement. Upon the filing of the information, a rule to show caused was entered and, at the close of the hearing, the judgments complained of were rendered.

Plaintiffs in error contend: (1) That the information violates section 33 of article 6 of the State constitution because the prosecution was not carried on "In the name and by the authority of the People of the State of Illinois," and that the information did not conclude "Against the peace and dignity of the same." (2) That the information is insufficient, since it was verified upon information and belief, in violation of section 6 of article 2 of the State constitution; (3) that the information fails to charge that the acts were intentional and wrongful or that the conduct of defendants influenced the discharge of their duty as jurors; (4) that the acts of the jurors were innocent; (5) that the review is limited to the judgment and information, and (6) that the trial court had no jurisdiction to enter the judgment, because an unreasonable time elapsed between the date of the contempt and its punishment.

The first two contentions present constructions of the constitution. The Civil Practice act (Ill. Rev. Stat. 1937, chap. 110, par. 199) requires that all cases in which constitutional questions are raised must be taken directly to this court for review. If such a case is taken to the Appellate Court and other errors are assigned of which that court has jurisdiction, the plaintiff in error or appellant is held to have waived the constitutional questions. (*People* v. *Terrill*, 362 Ill. 61, and cases there cited.) The constitutional questions urged by plaintiffs in error cannot be considered.

We cannot agree with the third contention which is that there is nothing to show that the conduct charged in any way interfered with the discharge of the jurors' duties. The issue is not whether their acts of misconduct influenced their decision in *People* v. *Zintak*, but whether they constituted contempt of the court. The orders of commitment disclose that the cause was heard upon interrogatories and answers thereto. These interrogatories and answers thereto have not been included in the record, and we must

presume that the judgments were based upon sufficient evidence. (*Franklin Union* v. *People,* 220 Ill. 355.) The judgment orders show that the contemnors disobeyed the instructions of the court by separating from other jurors; that they made contact and spoke with outsiders; that they frequented taverns and drank intoxicating liquors, and that they agreed to withhold knowledge of their conduct from the court. Such conduct shows a complete lack of respect for the court and was contemptuous. It is no answer to cite cases where we have refused to grant a new trial because it was not shown that the plaintiff in error was prejudiced by the conduct of the jury. Plaintiffs in error were punished for their disregard of the court's orders, and it was unnecessary to show that they were prevented from discharging their duties by their conduct. The contention that the acts were innocent cannot prevail. A disavowal of intention to commit a contempt may tend to excuse, but it cannot justify the act. (*People* v. *Wilson,* 64 Ill. 195.) The light sentences indicate that weight was given to the disavowal of bad motive.

Plaintiffs in error contend that we are limited in our review to a consideration of the orders of commitment predicated upon the information filed in the criminal court. They then contend that the orders are insufficient to sustain a charge of criminal contempt. They rely on *People* v. *Rongetti,* 344 Ill. 107, and *People* v. *Hogan,* 256 id. 496, but both of these were cases of direct contempt committed in open court. In such a case the rule is that the order of commitment should set out the facts constituting the offense so clearly as to show that the court was authorized to make the order. Where the contempt is direct, there is usually no need to call witnesses, because the facts are known to the court. All that is required is for the court to include the facts in the order to show its authority for punishing the contemnor. But where the contempt occurred outside the presence of the court, it must be brought to the court's

attention by information, petition or affidavit, and notice and an opportunity to answer the charge must be given to the party accused. (*People* v. *Sherwin,* 334 Ill. 609.) Witnesses must then be called and testimony taken, and the burden of preserving the testimony is upon the person aggrieved, as in other cases, and in the absence of a complete record, plaintiffs in error cannot question the sufficiency of the recitals in the order. (*Franklin Union* v. *People, supra.*) The record in the instant case was made up *per praecipe,* and does not purport to be complete. This contention must be overruled.

Plaintiffs in error urge that the contempt proceeding was begun after the court had lost jurisdiction to punish for contempt, since the Zintak trial was not pending at the time the contempt orders were entered. We cannot agree with this contention. The conduct was contemptuous at the time it was committed, and had reference to a pending case. Merely because it was not discovered until after the Zintak trial was closed did not prevent the court from punishing the contempt when it was discovered. Only sixty-three days elapsed between the end of the trial and the filing of the information.

Plaintiffs in error contend that if the information and orders of commitment are void, the question of their validity and jurisdiction may be taken advantage of in any court. It is apparent that this contention is made to forestall an objection that the constitutional questions were not presented to or passed upon by the trial court and, therefore, are not open to review. We have already concluded that the constitutional questions were waived by suing out writs of error from the Appellate Court, and it is clear that a defect which may be waived cannot render an information void. This contention is of no avail.

The judgments are affirmed. *Judgments affirmed.*