(No. 29604.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AGNES RICHARDSON, Plaintiff in Error.

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

Arthur Frankel, of Chicago, for plaintiff in error.

William J. Tuohy, State's Attorney, (Jacob Shamberg, Gordon B. Nash, John T. Gallagher, and George B. Duggan, of counsel,) all of Chicago, for the People.

Mr. Justice Fulton delivered the opinion of the court:

On February 15, 1945, the circuit court of Cook county entered an order and judgment finding the plaintiff in error, Agnes Richardson, guilty of a direct contempt of that court, and sentenced her to the county jail of Cook county, Illinois, for a period not to exceed ten days.

The history of the case reveals a very stormy record and arises out of a suit for slander brought by one Harrison Parker against Jacob Shamberg. During the course of the trial plaintiff in error was called to the witness stand, and on January 15, 1945, was sentenced to ten days in the county jail for contempt of the said circuit court, the order alleging that Agnes Richardson refused to answer interrogatories in her deposition and that she insulted, vilified and abused the court.

While plaintiff in error was preparing her appeal from this first contempt order, she filed a motion which the circuit court held to be another contempt, and an order, dated February 15, 1945, was entered by the court committing Agnes Richardson to the county jail as above set forth. It was the language contained in said motion which was the basis for the second contempt order.

A writ of error in the Appellate Court sought to review the two separate judgment orders. That court reversed the first amended judgment order. As to the second contempt order, which is the one complained of here, the Appellate Court held that, "The action of the plaintiff in error in filing the said motion cannot be defended or excused. The language of the motion clearly reflects on the integrity of the court and constituted a direct contempt of court." (*People* v. *Richardson*, 328 Ill. App. 69.) Plaintiff in error has sued out a writ of error in this court for a further review of the record.

The motion in controversy and the judgment order of the circuit court are set forth verbatim, and read as follows:

### "MOTION

"Now comes Agnes Richardson, defendant in the above entitled cause, pro se, and represents:

"That on to-wit, the 13th day of February 1945, she served notice and presented a motion to have the stenographic report of the instant proceedings certified to be correct by Daniel P. Trude, Judge of this Honorable Court.

"That said stenographic report consisted of thirty-five (35) consecutively numbered pages numbered one (1) to thirty-five (35) inclusive, and each page was numbered at the bottom thereof in consecutive order.

"That said stenographic report of the proceedings contained an affidavit signed by Jenny A. Strand, Court Reporter, to the effect that said stenographic report is a true and correct transcript of ALL the evidence heard.

"That after an examination of the said stenographic report consisting of the said thirty-five (35) consecutively numbered pages and containing the certification as to correctness by the said Jenny A. Strand, Court Reporter, the said Daniel P. Trude, Judge of this Honorable Court, did with his own hands in open court, while seated on the Bench, remove from the said stenographic report of the

proceedings, over the objection of this movant, nine (9) pages numbered two (2) to ten (10) inclusive, with the result that said pages numbered one (1) and said pages numbered eleven (11) through thirty-five (35) DO NOT represent all of the proceedings in this instant cause, and are not a true and correct stenographic report of the proceedings therein.

"That by said act, said Daniel P. Trude, Judge of this Honorable Court, has destroyed important papers and files of this instant proceeding; he has vitiated and destroyed the value of the certification by the said Jenny A. Strand, and he has contrived to alter and destroy the stenographic report of the proceedings in this case, and he has alone and by himself contrived by his said act to pervert and subvert justice by his said acts.

"That after the said Daniel P. Trude, Judge did mutilate said stenographic report of the proceedings, as aforesaid, he then and there signed a false and untrue certification in said proceeding, that 'the above and foregoing is a true and correct report of proceedings at said hearing.'

"That in addition thereto, he did, on said date, sign an order submitted by this movant certifying this said mutilated, incomplete and incorrect stenographic report of said proceedings 'as being a correct stenographic report of the proceedings herein,' and he also ordered 'the same is hereby ordered to be made a part of the record of the within matter.'

"Wherefore, Agnes Richardson moves the Honorable Daniel P. Trude, Judge:

"That at his own expense, forthwith, he restore those nine (9) pages that he has removed from said stenographic report of the proceedings certified to be correct by Jenny A. Strand, Court Reporter.

(Signed) Agnes Richardson."

(Here appears verification.)

## "ORDER

"This cause coming on this day to be heard on the motion of Agnes Richardson, a true and correct copy of which is attached hereto, made a part hereof, incorporated herewith, and marked 'Exhibit A'; and the Court being duly advised in the premises, Finds:

"1. The Court has jurisdiction of the parties and of the subject matter hereof.

"2. That on, to-wit, February 15, 1945, said Agnes Richardson presented in open court a certain false, scurrilious, defamatory motion, verified by her oath, a true and correct copy of which is attached hereto, made a part hereof, incorporated herewith, and marked 'Exhibit A.'

"3. That the charge in said affidavit, that this court had destroyed the papers described therein, is false and malicious in that said nine (9) typewritten pages bearing the initials '-2-js', '-3-js', '-4-js', '-5-js', '-6-js', '-7-js', '-8-js', '-9-js', '-10-js', had not been destroyed by this court but were and are still being held by this court for the purpose of holding the same until the matter is disposed of.

"4. That the filing by said Agnes Richardson of said false, scurrilous and defamatory motion, which is attached hereto, made a part hereof, and marked 'Exhibit A', constitutes an obstruction of justice and an abuse of the processes of this court, which conduct of said Agnes Richardson took place while this court was in open session and tended to lessen the dignity and authority of this court.

"5. That said Agnes Richardson, who is now here present in open court, is, by reason of said conduct, guilty of direct criminal contempt of this court.

"Wherefore, the premises considered:

"It is ordered and adjudged that said false, defamatory, scurrilous motion and affidavit, presented by said Agnes Richardson in open court on February 15, 1945, be, and the same is hereby ordered to be marked 'Exhibit A', incorporated herewith and made part of this order.

"It is further ordered and adjudged that said Agnes Richardson was and hereby is adjudicated guilty of and in direct criminal contempt of this court.

"It is further ordered and adjudged that said Agnes Richardson stand committed to and be confined in the County Jail in said County of Cook, State of Illinois, for a period not to exceed ten (10) days; and

"The Court further hereby orders and adjudges that a warrant of commitment do now issue in due form for the arrest forthwith of said Agnes Richardson, directed to the Sheriff of Cook county, in the State of Illinois, and that, when arrested by said Sheriff, said Agnes Richardson be committed to said jail and that she be there held for a period not to exceed ten (10) days, or until she shall be otherwise discharged from said imprisonment by due process of law.

Enter:

Daniel P. Trude, Judge.

Done this 15th day of February, A. D. 1945." (Copy of motion attached.)

Plaintiff in error has assigned numerous errors, many of which cannot properly be reviewed on this record. This court has consistently held that in a direct criminal contempt of this character the only facts to be considered are those contained in the contempt order. In *People ex rel. Owens* v. *Hogan,* 256 Ill. 496, the rule was positively stated as follows: "The commitment having been for an alleged contempt committed in open court, without charge, plea, issue or trial, the only record required to be made is the order of commitment." In *People* v. *Rockola,* 346 Ill. 27, it was stated that "the only record required to be made for review is the order of commitment, but the order should set out the facts constituting the offense so fully and certainly as to show that the court was authorized to make

the order." The sole question here involved is whether the contempt order contained sufficient facts to warrant the finding that plaintiff in error was guilty of contempt in filing the motion dated February 15, 1945.

Plaintiff in error advances the theory that the court had no right to find her guilty of direct contempt and to sentence her in and by an order that omitted what she claimed were pertinent facts, and, further, the court had no right to destroy, as she claimed, already certified pages of her report of trial proceedings, which proved, as she claims, that she was not guilty, and then to sentence her for asking the court to restore her record to its former condition.

Even if it were conceded that the trial court committed error in his rulings upon the admissibility of evidence, or in the conduct pursued while settling the record of trial proceedings, it would be no excuse for filing an insolent and defamatory motion to correct the same. The Civil Practice Act and the rules of procedure in Illinois provide for the manner and means of challenging the correctness of a record made by the trial judge, and they must be made in an orderly and legal manner.

We do not see how plaintiff in error can justify the language in her motion which charges the court with having "destroyed important papers and files in the instant proceeding," and that "he has alone, and by himself contrived by his act to pervert and subvert justice by his said acts;" that he "signed a false and untrue certificate in said proceeding" and that "he be required at his own expense to restore the nine pages he has removed from the stenographic report."

We construe the words used in the motion and the language employed to be intentionally disrespectful, contemptuous and abusive of the court, and reflecting upon the integrity of the presiding judge.

In many cases, conduct of similar character has been held by this court as tending to obstruct and embarrass the administration of justice, and punishment for direct criminal contempt has been upheld. *People* v. *Sherwin,* 334 Ill. 609; *People* v. *Andalman,* 346 Ill. 149; *People* v. *Wilson,* 64 Ill. 195; *Kneisel* v. *Ursus Motor Co.* 316 Ill. 336.

The plaintiff in error further suggests that she is a woman who is not a lawyer and is not accustomed to the language that is customarily used in legal proceedings. However, the record discloses that while she was on the witness stand she engaged herself in continuous debate with opposing counsel and with the court over her rights in refusing to answer questions. It further appears that she was represented by counsel both before and after the filing of the questioned motion. The form of the motion and the words used show a clear familiarity with pleadings and legal phraseology.

Finally, in her reply brief, plaintiff in error insists that her constitutional rights have been violated in that her freedom of religion has been interfered with as guaranteed by the first amendment to the Federal constitution. If this case were a review on the merits of the Shamberg slander case, such constitutional question might be very properly argued and considered by this court, but the plaintiff in error is prohibited from raising that question here because she first prosecuted her writ of error directly to the Appellate Court. It has been well settled in Illinois that the Civil Practice Act requires all cases in which constitutional questions are raised to be taken directly to the Supreme Court on error or appeal, and where a case is taken to the Appellate Court and errors are assigned of which that court has jurisdiction, the party suing out the writ of error is held to have waived constitutional questions. *People* v. *Terrill,* 362 Ill. 61; *People* v. *McDonnell,* 377 Ill. 568.

We can find no excuse for the filing of the offensive motion and believe that the trial court rightfully found the filing of same constituted a direct criminal contempt of that court.

Because of the reasons stated, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*