(No. 29605.-)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRISON PARKER, Plaintiff in Error.

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

ARTHUR FRANKEL, of Chicago, for plaintiff in error.

WILLIAM J. TUOHY, State's Attorney, (JACOB SHAMBERG, GORDON B. NASH, JOHN T. GALLAGHER, and GEORGE B. DUGGAN, of counsel,) all of Chicago, for the People.

Per CURIAM: By this writ of error plaintiff in error seeks the reversal of a judgment of the Appellate Court for the First District, affirming a judgment of the circuit court of Cook county, finding him guilty of a direct contempt of court and sentencing him to the county jail for ninety days. A second judgment of conviction for a later contempt in the same court was reversed by the Appellate Court. No review has been sought of the reversed judgment.

Plaintiff in error, Harrison Parker, was the plaintiff in a slander suit, pending for trial in the circuit court of Cook county, against one Jacob Shamberg. During the preliminary stages of the proceeding, Shamberg filed a verified motion for discovery of documents, asking for a rule against plaintiff in error requiring him to show cause why he should not produce for inspection, and to be copied and photographed, certain documents listed in the motion. The motion also requested that plaintiff in error be required to state by affidavit whether any of the specified documents were then or had been in his possession or power, and if not then in his possession or power, when he parted with them, and what became of them. The motion was apparently prepared and presented under the authority of paragraphs (8) and (9) of Rule 17 of this court. (Ill. Rev. Stat. 1945, chap. 110, par. 259.17, subpars. (8), (9).) An order was accordingly entered by the court requiring plaintiff in error to produce the documents requested in the motion, and to make the required affidavit. On January 4, 1945, and within the time fixed by the order, plaintiff in error filed an affidavit with the

clerk of the circuit court to which he attached as exhibits, five documents containing impertinent, insulting, malicious and scandalous charges against various judges of the circuit court of Cook county, the Appellate Court for the First District, and Justices of this court, as well as a number of other individuals prominent in public and private life. All of the courts of Illinois, including the court in which plaintiff in error was then a litigant, were charged with being corrupt and not open to the citizens of Illinois because of the corruption of the judges. Suggestion was also made that certain of the judges should be taken out and summarily shot or hanged. These exhibits purported to be records, letters and other papers belonging to The Puritan Church, with which plaintiff in error appears to have been identified as an officer, and each of them bore his signature in some official capacity. It would serve no useful purpose to further detail here the contents of these exhibits since they are set out at length in the Appellate Court opinion. (*People* v. *Parker*, 328 Ill. App. 46.) That they contained impertinent, insulting, scandalous and contemptuous language reflecting on the integrity of the court cannot be denied.

Shamberg thereupon filed a motion directing the court's attention to the contents of the documents filed by plaintiff in error, and suggested that he be punished for contempt of court. Without permission of the court, plaintiff in error, on January 15, 1945, filed a long, verified answer to this motion in which he attempted to purge himself by asserting that the contents of the various documents were true. To this answer he appended his affidavit of January 4, 1945, together with the five exhibits attached to it. Thus, again, he presented to the court the same impertinent, insulting and scandalous matters contained in his first affidavit. After a hearing in open court, an amended order was entered on January 23, 1945, finding that the filing of the affidavit with its exhibits on January 4, 1945, and the

filing of the answer on January 15, 1945, with its contents, constituted an obstruction of justice and abuse of the processes of the court; that it tended to lessen the dignity and authority of the court, and, by reason of such conduct, plaintiff in error was guilty of direct contempt of court. The affidavit, answer and exhibits were incorporated in the amended order by reference to the instruments as filed by plaintiff in error. The sentence to imprisonment in the county jail followed.

Plaintiff in error first contends that the documents in question were material to the issues in the slander suit against Shamberg, and the filing of them under the compulsion of an order of court could not be a contempt of court. By this argument plaintiff in error misconceives both the purpose and the extent of the court order. He had only to produce the documents for inspection and to be copied or photographed by the adverse party, under the direction of the court, and he would have fully complied with the order of court, as well as with the rule under which it was issued. Instead of complying with the order, and for reasons best known to himself, he chose to file them with the clerk of the court, thus spreading the contents of the documents on the records of the court. Plaintiff in error's suggestion that the documents were material to the main suit becomes an empty argument when it is considered that these instruments had never previously been presented to the court, and the court, therefore, had no knowledge of their contents. The materiality of the documents had never been passed on by the court.

The gist of the many wild, shocking, insulting and scandalous charges contained in the exhibits to the affidavit and in the answer filed by plaintiff in error is that all of the courts in Illinois, including the court in which his suit was then pending, are corrupt, and that the courts are not open to the citizens of Illinois because of the corruption of the judges. Contempt may be committed by incor-

porating impertinent, scandalous, insulting or contemptuous language reflecting on the integrity of the court in pleadings, motions and notice of motions. (*People* v. *Sherwin,* 334 Ill. 609.) The filing and presenting of the documentary exhibits in the circuit court constituted a direct contempt of that court.

The amended order of court, finding plaintiff in error guilty and sentencing him to the county jail for ninety days, recited the filing of the affidavit and exhibits on January 4, 1945, and the filing of the answer on January 15, 1945, as acts for which plaintiff in error was adjudged to be in contempt of court. It is urged that the sentence is a single one, while the judgment recites two separate and distinct offenses, and, for that reason, the sentence is erroneous and should be set aside. There is no merit in this contention. This is not in the nature of a criminal proceeding, and the rules regarding the trial of crimes by information or indictment have no application to proceedings for contempt. (*People ex rel. Rusch* v. *Kotwas,* 363 Ill. 336; *People ex rel. Martin* v. *Panchire,* 311 Ill. 622.) The authorities cited by plaintiff in error, in support of his contention, pertain to criminal cases and are not applicable here.

Certain constitutional questions are presented as grounds for reversal of the judgment. The record shows that plaintiff in error proceeded with this appeal from the amended order directly to the Appellate Court. Having first taken his case to that court, where errors were assigned of which the Appellate Court had jurisdiction, he is deemed to have waived the constitutional questions and they cannot now be considered. *People* v. *Rosenthal,* 370 Ill. 244.

We are of the opinion that the judgment of the Appellate Court is correct, and it is affirmed.

*Judgment affirmed.*