(No. 33304.—

The People of the State of Illinois, Defendant in Error, *vs.* Louie Cosper, Plaintiff in Error.

*Opinion filed January 21, 1955—Rehearing denied March 22, 1955.*

HERBERT M. WETZEL, and ARTHUR FRANKEL, both of Chicago, (DEMETRI M. SPIRO, of Chicago, and L. B. WEIR, of Madisonville, Ky., of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a writ of error to review the decision of the Appellate Court, First District, which affirmed the conviction of the defendant, Louie Cosper, in the municipal court of Chicago. (*People* v. *Cosper,* 2 Ill. App. 2d 168.) The defendant was found guilty by a jury of contributing to the delinquency of a minor, and his punishment was fixed at imprisonment in the house of correction for a term of ninety days.

The facts of the case are stated in the Appellate Court opinion, and we adopt that opinion on the questions relating to the validity of the information, the sufficiency of the evidence and the correctness of the court's instructions to the jury.

We wish, however, to add an additional comment with regard to other allegations of error urged by the defendant. Among the assignments of error so urged was that the defendant was denied substantial constitutional rights. It is asserted in this connection that the Appellate Court wrongfully denied his motion to transfer the cause to this court in accordance with Rule 47. (Ill. Rev. Stat. 1953,

chap. 110, par. 259.47.) When cases are taken to the Appellate Court wherein errors are assigned of which that court has jurisdiction, the party so suing out the writ of error is deemed to have waived all constitutional questions involved. (*People* v. *Richardson,* 397 Ill. 84; *People* v. *Raymond,* 393 Ill. 147; *People* v. *Billow,* 377 Ill. 236; *People* v. *McDonnell,* 377 Ill. 568; *People* v. *Rosenthal,* 370 Ill. 244; *People* v. *Terrill,* 362 Ill. 61.) Moreover, since the defendant did not raise any constitutional questions in his motions for a new trial and in arrest of judgment, he has waived his right to be heard on them in this review. *People* v. *Cosper,* 405 Ill. 543; *People* v. *Reck,* 392 Ill. 311; *People* v. *Jankowski,* 391 Ill. 298.

Finally, the defendant assigns as error the fact that the jury not only determined guilt but also fixed the penalty. This contention is without merit. Section 6a(b), division XIV, of the Criminal Code (Ill. Rev. Stat. 1953, chap. 38, par. 754a(b),) provides, *inter alia:* "In all cases where the penalty as prescribed by statute is confinement in the county jail, or fine, or both, if the jury finds the accused guilty, it shall also fix the time of confinement, or fine, or both, as the case in its judgment requires." The defendant was convicted under section 2 of the act to punish contributing to delinquency of children, (Ill. Rev. Stat. 1953, chap. 38, par. 104,) which provides a penalty of sentence to the county jail, house of correction or workhouse, or fine, or both. Therefore, section 6a(b) quoted above is applicable, and the jury correctly fixed the penalty. See *People* v. *Moore,* 324 Ill. App. 109.

The judgment of the Appellate Court, First District, is therefore affirmed.

*Judgment affirmed.*