(No. 34389.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GALE M. TUCKER, Plaintiff in Error.

*Opinion filed January 24, 1958.*

RALPH T. SMITH, of Alton, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and CLAUDE J. DAVIS, State's Attorney, of Jerseyville, (FRED G. LEACH, and JOHN W. SUDDES, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Gale M. Tucker, was found guilty of reckless homicide and of driving a motor vehicle while under the influence of intoxicating liquor, by a jury in a trial before the circuit court of Jersey County. He appeals to this court, by way of writ of error, for reversal of that conviction.

The indictment arose out of a collision between defendant's automobile and the rear of a Ford tractor-truck of the type used to pull trailers, which had no trailer attached at the time. Upon hitting the tractor, defendant's car was propelled upward and to the left in such a manner as to cause it to crash upon the top of an automobile approaching from the opposite direction. Three of the four occupants of this approaching vehicle were killed. The defendant was indicted on seven counts. Counts 1, 3 and 5 charged him with reckless homicide by reason of driving his auto while under the influence of intoxicating liquor. Counts 2, 4 and 6 charged reckless homicide by reason of driving his auto at an excessive rate of speed. Count 7 charged the

defendant with driving while under the influence of intoxicating liquor.

The jury returned seven general verdicts, each of which referred to a particular count of the indictment. The defendant was found not guilty as to counts 2, 4 and 6 and guilty as to counts 1, 3, 5 and 7. The jury did not fix the punishment or penalty to be suffered by the defendant. Instead, the trial judge entered judgment upon the verdicts of the jury by which he sentenced the defendant to serve from one to five years in the State penitentiary on each of counts 1, 3 and 5 and to pay a fine of $100 on count 7.

Before considering other aspects of the writ of error, we must determine whether there was a valid verdict and sentence. Section 146a of division I of the Criminal Code (Ill. Rev. Stat. 1955, chap. 38, par. 364a) under which the defendant was convicted, provides that any person convicted of reckless homicide shall be punished by a fine of not less than $100 or more than $1000, or by imprisonment in the county jail for a determinate period of not less than 60 days and not more than six months, or by both such fine and such imprisonment, or by imprisonment in the penitentiary for an indeterminate period of not less than one year or more than five years.

In view of the alternative punishment prescribed, the question arises as to whether it was within the province of the court or the jury to fix the penalty. The Parole Act (Ill. Rev. Stat. 1957, chap. 38, pars. 801-816) provides in part:

"§ 2. Except for the crimes enumerated in Section 1 of this Act, the courts of this State, in imposing a sentence to the penitentiary * * * (not including, however, county jail), shall fix the minimum and maximum limits or duration of imprisonment * * *.

"No court of otherwise competent criminal jurisdiction shall be deprived of jurisdiction to sentence and commit * * * for a crime or offense * * * although such

crime or offense may also be punishable by other or alternative punishment.

"§ 3. Except for the crimes enumerated in Section 1 of this Act, every person, male or female, over ten years of age, who shall be adjudged guilty of felony, or other crime punishable by imprisonment in the penitentiary, or by imprisonment either in the penitentiary or jail, and as to whom the court shall not have assessed the jail sentence, shall in all cases, except as herein otherwise provided in clauses one and two, be sentenced to the penitentiary, and the court imposing sentence shall fix the minimum and maximum limits or duration of imprisonment."

It is apparent from the quoted portion of the Parole Act that any sentence to imprisonment in the penitentiary, except for offenses enumerated in section 1 thereof, must be pronounced by the court. On the other hand, those offenses punishable by confinement in the county jail are specifically excluded from the operation of the act. The alternative punishment of confinement in the county jail must be considered in the light of section 6a of division XIV of the Criminal Code (Ill. Rev. Stat. 1957, chap. 38, par. 754a) which contains the following language:

"The provisions of [The Parole Act] * * * shall apply to all crimes or offenses herein enumerated to which said Act may be applicable. In all convictions for such crimes or offenses, the fixing of the punishment and the sentence and method of imposition thereof, shall be as therein provided.

"For all crimes or offenses to which the Act cited in the preceding paragraph may not be applicable, the following procedure shall apply:

*    *    *    *    *    *    *    *    *    *

"(b) When the punishment may be either by imprisonment in the penitentiary, or by confinement in the county jail, with or without fine, if the jury will not inflict the punishment of imprisonment in the penitentiary, it shall,

if it finds the accused guilty, fix the time of confinement in the jail, or fine, or both, as the case may require  *  *  *.

"(c) When the accused pleads guilty, and in all other cases not otherwise provided for, the court shall fix the time of confinement, or the amount of the fine, or both, as the case may require.

"When either fine or imprisonment in the penitentiary may be inflicted, the jury shall determine which it shall be. If the offender is fined the jury shall fix the amount thereof. If imprisonment in the penitentiary is to be inflicted, the jury shall fix the time of confinement unless the provisions of the act cited in the first paragraph of this section are applicable, in which case, the punishment shall be fixed and the sentence imposed as in said act provided."

There is no question where only a jail sentence or fine is concerned. Section 6a definitely applies and the jury fixes the punishment. (*People* v. *Cosper,* 5 Ill.2d 97.) It is those offenses where alternative punishment is prescribed (reckless homicide and the like) that the applicability of section 6a is at issue.

Section 6a of division XIV of the Criminal Code, by its own terms, applies only if the Parole Act is not applicable. Two provisions of the Parole Act give some substance to the theory that it may apply. They are: (1) the statement in section 2 of the Parole Act that no court shall be deprived of jurisdiction although alternative punishment is prescribed, and (2) the provision in section 3 of said act that the court shall fix the minimum and maximum limits where the court shall not have assessed the jail sentence. These provisions are directly contrary to the exclusion of sentences by the court to a county jail. The legislative intent appears to be that in this type of offense the Parole Act applies only after giving effect to section 6a in an appropriate situation. Any other construction would render section 6a meaningless, since we can

conceive of no situation where it would apply. Cf. *People ex rel. Miller* v. *Murphy*, 185 Ill. 623.

We are of the opinion that effect must be given to section 6a and the procedure in this type of case is governed by its provisions. In addition to the jury's duty to pass upon the guilt of an accused, it is also the duty of the jury to determine whether the penalty shall be (a) fine or confinement in the county jail, or both, or (b) imprisonment in the penitentiary. In those cases where the jury makes determination (a), the Parole Act is not applicable and it is within the exclusive province of the jury to fix the fine or duration of the jail sentence within the limits provided by the reckless homicide section. On the other hand, where the jury makes determination (b), it thereby triggers the procedure of the Parole Act, such act becomes operative, and it is then within the exclusive province of the court to pronounce sentence and fix the duration of confinement in the penitentiary within the indeterminate limits prescribed by the reckless homicide section. In such case the jury, where it finds the defendant guilty, should in addition to such verdict, make a finding that the defendant should be punished by imprisonment in the penitentiary in accordance with law.

In the case at bar, general forms of guilty or not guilty verdicts on each count were submitted to the jury. The verdicts returned were merely "not guilty" as to counts 2, 4 and 6 and "guilty" as to counts 1, 3, 5 and 7. The jury made no election or determination between the alternative penalties under the provisions of section 6a of division XIV of the Criminal Code, and therefore the court was without authority to elect between the penalties.

In view of our holding with respect to the sentence, it is unnecessary for us to consider other errors assigned by the defendant. The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*