Village of Maywood, a Municipal Corporation, Plaintiff-Appellee, v. John Weglarz, Defendant-Appellant.

Gen. No. 47,833.

First District, First Division.

February 29, 1960.

Released for publication March 29, 1960.

William Butcher, of Melrose Park, for defendant-appellant.

Louis Ancel, Jack M. Siegel, Robert E. Grundin, of Chicago (Ancel, Siegel, and Stonesifer, of counsel) for appellee.

PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

In a quasi-criminal action before a police magistrate John Weglarz was found guilty of violating an ordinance of the Village of Maywood. In a trial de novo, in the Criminal Court of Cook County, upon stipulated facts, he again was found guilty and was fined $20.

The ordinance prohibited anyone from engaging in the business of a carpenter contractor without being licensed by, and having furnished a bond to, the village. Weglarz, a nonresident, was doing carpentry work in Maywood in September 1958, for a general contractor, under a written contract which provided for labor only. He had neither obtained a license nor furnished a bond.

He attacks the ordinance as illegal and void because, he claims, (1) it is a revenue measure only, without accompanying regulatory provisions; (2) it is beyond the express or implied authority granted to the municipality by the legislature, and (3) it attempts to exercise extra-territorial jurisdiction over nonresidents.

■■ In regard to the defendant's first point it would appear that the ordinance is revenue producing and not regulatory, if only that ordinance is considered. It provides for nothing but the licensing and bonding of several contractors doing business in the building or paving trades. But the ordinance must be read in connection with the entire village code which has provisions concerning the construction of buildings, fire protection and other measures affecting the public safety. Concrete Contractors' Assn of Greater Chicago v. La Grange Park, 14 Ill.2d 65. We cannot say, after considering the entire village code, that the licensing of carpenter contractors is designed merely to tax those engaging in that occupation. The licensing feature appears to be one link in the chain of regula-

tory measures reasonably necessary for the protection of the public welfare and is well within the village's powers to enact.

The case of Concrete Contractors' Assn of Greater Chicago v. La Grange Park, supra, is determinative of the defendant's second contention. The Supreme Court upheld similar ordinances which required licenses by those engaging in concrete construction work, and refuted the argument that the defendants did not have the authority to exact such licenses. The villages there, as Maywood does here, relied upon certain express powers granted to them by the Cities and Villages Act, art. 23, ch. 24, Ill. Rev. Stat. 1957. What the court said in reference to cement contractors applies with equal force to carpenter contractors:

"The fact that the villages have not been granted express power to license concrete contractors is not controlling if the General Assembly has expressly granted to the villages one or more powers, the efficient exercise of which requires that the business of the contractors be regulated. Authority for the enactment of an ordinance may be derived either from a single power or from two or more municipal powers in combination. Father Basil's Lodge, Inc. v. City of Chicago, 393 Ill. 246; City of Bloomington v. Wirrick, 381 Ill. 347; Arms v. City of Chicago, 314 Ill. 316; Consumers Co. v. City of Chicago, 313 Ill. 408; Gundling v. City of Chicago, 176 Ill. 340.

"To determine whether defendant villages are impliedly authorized to license persons engaged in cement work, the licensing ordinances must be considered in conjunction with the powers which are expressly granted and are being lawfully exercised. If the licensing ordinances are reasonably necessary to effectuate the regulations prescribed by other valid ordinances dealing with the same subject matter, they may be sustained as regulatory measures."

498

The plaintiff points to the following grants of power in chapter 24 from which may be implied the authority to license carpenter contractors: section 23—5, to fix the amount, terms, and manner of issuing and revoking licenses; section 23—70, to prescribe the strength and manner of constructing all buildings, structures and their accessories; section 23—72, to prevent the dangerous construction of the appurtenances connected with the use of fire in buildings and to cause all buildings and enclosures to be put into safe fire condition; section 23—81, to do those acts and make such regulations which promote health; section 23—105, to pass and enforce all necessary police regulations and, section 23—106, to pass all ordinances and make all rules and regulations proper or necessary to carry into effect those powers granted to municipalities with such fines or penalties that may be deemed proper.

Portions of the plaintiff's code carried into effect these express powers. The licensing ordinance can be interpreted as reasonably necessary to implement the other provisions of the code and is, therefore, a valid regulatory requirement.

The defendant's business is located outside of Maywood and his next contention is that the ordinance attempts to regulate his contracting business and not his performance of carpentry work, and hence seeks to control something beyond the borders of the town. This conclusion cannot be logically drawn from the ordinance. It obviously is intended to apply to those doing building construction work within the village limits and it covers both residents and nonresidents. The defendant cites Dean Milk Co. v. City of Aurora, 404 Ill. 331, and the City of Rockford v. Hey, 366 Ill. 526, as authority for his position. The city ordinances in each of those cases attempted to regulate the production of milk and ice cream in plants

499

located outside the city limits. Neither of these cases is of help to the defendant.

■ Other objections are made which raise constitutional questions over which we have no jurisdiction. After the plaintiff pointed out in its brief that the defendant had waived these issues by appealing to this court, the defendant, in his reply brief, requested that the case be transferred to the Supreme Court. Subsequently he filed a motion to the same effect. This motion, which was based upon sections 86 and 101.47 (Supreme Court Rule 47), ch. 110, Ill. Rev. Stat. 1959, was considered and denied.

■ We doubt, from the status of the record, that a direct appeal would have been entertained by the Supreme Court. The record does not disclose what issues were presented to or decided by the trial judge; it merely sets out the stipulation of facts, the exhibits and the judgment of the court. Where the record does not reveal that a constitutional question was raised and passed upon in the trial court, the Supreme Court will not take jurisdiction upon direct appeal. Strader v. Board of Education of Community Unit School Dist. No. 1 of Coles County, Ill., 413 Ill. 610; Schroeder v. Brennan, 406 Ill. 415; Perlman v. Thomas Paper Stock Co., 378 Ill. 238. Although such a question may have been argued and ruled on, the Supreme Court will not permit direct appeal if the record does not show this, and if the question was not preserved for appeal. Teren v. City of Chicago, 413 Ill. 141; Village of Lansing v. Hacker, 7 Ill.2d 258.

■ The motion to transfer was denied, and the same motion in the defendant's reply brief must also be denied, because of the rule that if an appeal to the Appellate Court contains issues over which the court has jurisdiction and others which are not within its jurisdiction, the latter are considered waived.

500

People v. Parker, 328 Ill. App. 46, affirmed 396 Ill. 583, 72 N.E.2d 848; People v. Richardson, 397 Ill. 84, 72 N.E.2d 851; People v. Cosper, 5 Ill.2d 97. In the last case the court said:

"It is asserted in this connection that the Appellate Court wrongfully denied his motion to transfer the cause to this court in accordance with Rule 47. (Ill. Rev. Stat. 1953, chap. 110, par. 259.47.) When cases are taken to the Appellate Court wherein errors are assigned of which the court has jurisdiction, the party so suing out the writ of error is deemed to have waived all constitutional questions involved."

The judgment of the Criminal Court of Cook County is affirmed.

Affirmed.

SCHWARTZ and McCORMICK, JJ., concur.