PEARSON, Chief Judge.
The City of Miami Beach appeals from a final judgment which enjoined the city from requiring the payment of an occupational tax by the appellees and all those similarly situated. The complaint filed by the appellees alleged that the ordinance requiring the payment of the occupational tax was unconstitutional as it applied to them. They are engaged in the business of general household pest control, subterranean termite control, control by fumigation and lawn and horticultural pest control. They conduct some of that business in the City of Miami Beach, but their business offices are located outside the city.
*438 The trial court found as follows:
“7. Plaintiffs contend the City has no authority to require payment of occupational taxes for firms headquartered and situated outside the territorial city limits of the City of Miami Beach but who do perform pest control services within the city limits. In other words, if their place of business is not within the confines of the City itself, then, the City has no authority to require the procuring of an occupational license to perform exterminator services in the City. * * *
“8. Defendant City sets up no standards of qualifications of exterminators operating in the City, nor exercise any supervision over the operation of exterminators, such as plaintiffs. The Ordinance requiring the occupational license is purely a revenue-raising measure.
“9. The City has the authority to increase the occupational license from $44.30 to $74.50. This Court does not find this increase unreasonable; moreover, the manner in which the increase was effected was proper. The $74.50 occupational license fee for exterminators is valid and applicable to those exterminating businesses whose business locations lie within the territorial limits of the City of Miami Beach but is invalid and does not apply to exterminating businesses whose business locations lie beyond the territorial limits of the City. The principal Plaintiffs’ business locations are situated outside the limits of the defendant City, and only the actual exterminating procedures are conducted within the confines of the City for a particular customer. The City does not pretend to regulate how they do this exterminating work, nor does it have the authority to do so. All other phases of the work carried on by the principal plaintiffs in caring for their customers living in Miami Beach are carried on at the business locations; that is, at their respective headquarters.
“10. The occupational license is a tax imposed on plaintiffs solely because they perform exterminating work for customers within the city; this necessarily indirectly imposes a tax on that part of plaintiffs operations, in serving said residents of the city, carried on outside the city. The city has no such extra-territorial power, and such tax is unconstitutional and void. A municipality cannot divide a business transaction into its component parts and levy a revenue tax on the part carried on within the municipality where the effect would be to subject that part of the business carried on elsewhere to the municipality’s tax law. Duffin v. Tucker, Fla. (1934) [113 Fla. 621] 153 So. 298.”
The court then adjudged the enforcement of the occupational tax ordinance against the appellees and all those similarly situated to be an unconstitutional application of the ordinance and enjoined the city from requiring payment of the occupational tax from the appellees and all others similarly situated.
The appellant city argues that it is not, through its ordinance, attempting to exercise extraterritorial jurisdiction over the appellees. It contends it has the right to tax non-residents engaged in the exterminating business in the City of Miami Beach because the ordinance applies to all persons so engaged in that city. We agree and therefore reverse the judgment appealed from.
 The prevailing rule is that ordinances of a general nature are binding upon all persons within a corporate area whether residents or not. This includes taxes imposed upon all persons engaging in a certain business within a municipality. See 9 McQuillian, Municipal Corporations, § 26.48 (3rd ed. 1964); 38 Am.Jur., Municipal Corporations, § 354. In the present case we follow the foregoing principles and therefore conclude that the trial court erred in ruling the ordinance invalid as an unreasonable attempt at exercising ex *439 traterritorial power on the part of the City of Miami Beach. For a case with facts and holding most similar to the instant case see Village of Maywood v. Weglarz, 24 Ill.App.2d 495, 165 N.E.2d 362 (1960).
The appellees rely for an affirmance mainly upon Duffin v. Tucker, 113 Fla. 621, 153 So. 298 (1934), the same case relied on by the trial court. In that case the Supreme Court held invalid as an attempted exercise of extraterritorial jurisdiction a City of Cocoa ordinance that taxed what the court termed “one transaction or shipment of goods from a vendor in one municipality to a vendee in another municipality.” 153 So. at 301. Here the trial court and the appellees attempt to equate the appellees’ activities with those of the vendor in the Duffin case. But there is a vital difference between the business engaged in by the appellant in the Duffin case and the business engaged in by the appellees in the present case. There a meat packing firm with headquarters in Jacksonville that sent a salesman to the City of Cocoa to solicit orders was engaged in what was by nature an intercity enterprise since part of each transaction had to be performed in Jacksonville and part in Cocoa. The city’s attempt to tax the part of the transaction performed in Cocoa necessarily taxed the part that was performed in Jacksonville. For this reason the Supreme Court held the City of Cocoa ordinance to be invalid attempt to exercise the city’s taxing power extraterritorially. Another reason for holding the ordinance invalid was its provision that discriminated in favor of transactions occurring in interstate commerce. Here the business engaged in by the appellees is intrinsically intracity in nature, not intercity. The entire performance of a business transaction (spraying, fumigating, etc.) necessarily takes place in one municipality.
The record reveals that the appel-lees send their trucks and personnel into the City of Miami Beach for the purpose of performing exterminating services within that city. The offices or headquarters perform only executive functions. It is apparent that these functions could be performed at any designated place without seriously disturbing the actual performance of the work. It would be much easier for the appellee businesses to operate with executive officers attached to the work crews than it would be for them to operate with work crews attached to executive officers. We hold therefore that the performance of appellees’ business occurs within the limits of the City of Miami Beach.
In reaching our determination that a pest control exterminator performing work within a city but maintaining an office outside the city limits is engaged in business within the city, we are persuaded by the fact that it has frequently been held that it is the place where the business is transacted and not necessarily the place where the home office is located that determines the situs of a corporation. See cases cited at 36 Am.Jur.2d, Foreign Corporations, §§ 36, 37. Moreover, for us to hold that the ordinance is unconstitutional as applied would be for us to permit inverse 'discrimination. By permitting only residents of the City of Miami Beach to be required to. pay an occupational tax for conducting an exterminating business in that city we would be placing residents presently engaged in the exterminating business or those who wish to become engaged in that business at a disadvantage in relation to non-resident exterminators. A key reason why the ordinance under review is valid as applied is that it applies equally to residents and non-residents. Our holding in this case should not be regarded as blanket approval of non-discriminatory ordinances that tax all intra-city business activities by non-residents. Nondiscriminatory occupational taxes must still be applied discriminately. There must be a reasonable basis for their application to non-residents. Here the reasonable basis is the considerable proportion of the *440 appellees’ business which is transacted in the City of Miami Beach.
The final judgment is reversed and the cause remanded with directions to dismiss the complaint.
Reversed with directions.