(No. 16230.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT McDONALD, Plaintiff in Error.

*Opinion filed December 16, 1924.*

1. CONTEMPT—*the superior court of Cook county has inherent power to punish for contempt.* The right to punish an offender for a contempt of court is a right inherent in the superior court of Cook county independent of any statute, and when the act constituting such contempt is committed in its presence the court has a right to deal summarily with the offender, and, without hearing any evidence, impose a penalty.

2. SAME—*when alleged contempt is not in presence of court.* An assault committed outside of the court room and about fifty feet therefrom, or so far away that it did not interrupt the court's proceedings, is not committed in the presence of the court, and a defendant charged with having made the assault cannot be punished for contempt after being called to the witness stand by the judge, who had been informed that the defendant made the assault, and after having denied under oath all the acts alleged against him.

3. SAME—*when contempt is criminal.* Where the contempt consists of something done or omitted in the presence of the court tending to impede or interrupt its proceedings or lessen its dignity, or out of its presence in disregard or abuse of its process, the proceeding is punitive or criminal, and the penalty is inflicted by way of punishment for the wrongful act and to vindicate the authority and dignity of the people, as represented by the judicial tribunal.

4. SAME—*defendant's sworn answer is conclusive where contempt is not in presence of court.* Where the proceeding for contempt is for acts committed not in the presence of the court and not in furtherance of the remedy sought in a suit or in enforcement of orders or decrees of the court but is to maintain the authority of the court and uphold the administration of justice the sworn answer of the defendant is conclusive, and if he has purged himself of the charge by his answer he is entitled to be discharged, being subject to indictment for perjury should the answer be false.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

JOHN L. WARD, and DARROW, SISSMAN, HOLLY & CAR-LIN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

On December 21, 1923, there was pending in the superior court of Cook county, Illinois, on the docket of Judge Denis E. Sullivan, one of the judges of said court, the chancery case of Emanuel Goldstein *et al. vs.* International Brotherhood of Teamsters, Chauffeurs, etc. At 9:10 o'clock of that day Goldstein, one of the complainants in the case, went into the room occupied by said judge and put a motion in said cause on the court's motion book. He immediately thereafter left the court room, and as he walked down the corridor he was assaulted, pushed into a toilet room on the opposite side of the corridor from the court room and some distance away from it, and there severely beaten. A number of court bailiffs who were at the time in the court room of Judge Jesse Holdom, in the immediate vicinity, heard Goldstein's cries for help, and upon going into the corridor saw plaintiff in error standing against the wall across the corridor from the toilet and four or five feet north of it, saw Goldstein come out of the toilet, and heard the noise of persons running down the stairs which were near. None of the bailiffs saw McDonald do anything, but he was arrested at the request of Goldstein, taken into the court room of Judge Sullivan, and when court convened at ten o'clock one of the attorneys for the complainants in the chancery case told Judge Sullivan that McDonald had made an assault upon Goldstein as he left the court room after putting a motion on the book. Judge Sullivan then proceeded to deal summarily with the matter and called

McDonald to the witness stand and questioned him. Mc-
Donald testified that he was in the corridor of the court
house at nine o'clock that morning, having been told by
his attorney to be at court at that time, and denied making
the assault or having any connection therewith. Other wit-
nesses were called and examined, including the bailiffs, none
of whom, except Goldstein, in any way connected plaintiff
in error with the assault. Judge Sullivan thereupon entered
an order finding plaintiff in error guilty of conduct which
was contumacious and clearly tending to obstruct the proper
administration of justice in the court. The order, among
other things, contained the following: "The court finds that
the said Robert McDonald was and is in contempt of this
court by reason of his said conduct; that said contempt is
a direct contempt in the presence of the court. The court
further finds from evidence heard in open court that no jus-
tification or mitigation appears for the said conduct of said
Robert McDonald. It is therefore ordered by the court
that the said Robert McDonald be and he hereby is com-
mitted to the common jail of Cook county, in the State of
Illinois, charged with contempt of this court, there to re-
main and being safely held until the expiration of sixty
days from this date or unless otherwise sooner released and
discharged by due process of law, and that a warrant for
that purpose do issue." In the bill of exceptions which was
filed in the cause appears the following certificate: "The
court further finds that Judge Denis E. Sullivan was not
occupying the bench but in chambers of said court room,
transacting business in connection with court matters pur-
suant to the adjournment of the previous day, at the time
of the alleged assault on Emanuel Goldstein, the clerk and
bailiff being present in the court room. The judge ascended
the bench at ten A. M." The cause was reviewed by the
Appellate Court for the First District upon error, by that
court the judgment was affirmed, and the record is now be-
fore this court for review upon writ of error.

The right to punish an offender for a contempt of court is a right inherent in the superior court of Cook county independent of any statute, and when the act constituting such contempt is committed in the presence of the court, the court has a right to deal summarily with the offender, and, without hearing any evidence, punish the offender. In such case the court acts upon view and upon its own knowledge. In the present case, while the certificate of the judge in the bill of exceptions shows that he was in the chambers of the court transacting business in connection with court matters pursuant to the adjournment of the previous day and that the clerk and bailiff were present in the court room, the alleged assault did not take place in Judge Sullivan's court room but at a distance of about fifty feet therefrom and nearer to Judge Holdom's court room, and neither Judge Sullivan nor the clerk or bailiff who were present in the court room knew of the assault until informed thereof by others, and neither the judge, clerk nor bailiff was disturbed by the occurrence. The contempt of court was not committed in the presence of the court or so near as to interrupt its proceedings, and the court could not act upon view and without trial.

It is contended by plaintiff in error that the alleged contempt was criminal,—not civil,—in its nature, and that he having purged himself by his testimony, the court had no authority to enter an order finding him guilty of the contempt charged. The distinction between criminal and civil contempts has been recognized in this jurisdiction since the decision in *Crook* v. *People,* 16 Ill. 534, which was decided in 1855. When the contempt consists of something done or omitted in the presence of the court tending to impede or interrupt its proceedings or lessen its dignity, or out of its presence in disregard or abuse of its process, the proceeding is punitive or criminal, and the penalty is inflicted by way of punishment for the wrongful act and to vindicate the authority and dignity of the people, as represented

by their judicial tribunals. (*O'Brien* v. *People,* 216 Ill. 354; *Hake* v. *People,* 230 id. 174.) In a case where the proceeding for contempt is for acts committed not in the presence of the court and not in furtherance of the remedy sought in a suit or in enforcement of the orders or decrees of the court but to maintain the authority of the court and uphold the administration of justice, if the party should answer denying the alleged wrongful acts his answer is conclusive and he is entitled to his discharge. (*Rothschild & Co.* v. *Steger Piano Co.* 256 Ill. 196; *People* v. *Seymour,* 272 id. 295; *People* v. *Elbert,* 287 id. 458.) In cases like the present the defendant is tried upon his answer, alone. No other evidence is heard. The defendant determines by his own answer under oath whether he is guilty of that which is charged against him as a contempt of court, and if he fail thereby to purge himself the court may at once impose the punishment. (*Storey* v. *People,* 79 Ill. 45.) If the answers prove false the remedy is by indictment for perjury, but if the party purges himself of the contempt by his answer he will be discharged. (*Hake* v. *People, supra.*) In the present case no complaint in writing was filed against plaintiff in error and no sworn answer was made by him in writing, but he was called to the witness stand by the judge immediately upon being charged with contempt of court, was sworn, and made answer under oath denying all the acts alleged against him, and he thereby purged himself of the contempt and was entitled to be discharged without further trial.

The judgment of the Appellate Court will be reversed.

*Judgment reversed.*