(No. 20854.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAMUEL J. ANDALMAN, Plaintiff in Error.

*Opinion filed October 23, 1931—Rehearing denied Dec. 4, 1931.*

150

[redacted]

OSSIAN CAMERON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Michael J. Healy was confined in the county jail of Cook county for contempt of court in failing to pay alimony in accordance with a decree of the superior court of that county in a suit for divorce brought against him by his wife, Violet Healy. Thereafter Healy filed a petition in the superior court for a writ of *habeas corpus,* alleging that the order committing him to the county jail was void. When that matter came on for hearing before Judge McKinley, plaintiff in error, Samuel J. Andalman, was notified for the reason that he represented Mrs. Healy, and a hearing was had, at the conclusion of which judgment was entered discharging Healy. About two weeks thereafter, January 21, 1930, Andalman prepared and served a notice on the attorneys for Healy in the *habeas corpus* proceeding that Andalman would appear before Judge McKinley on January 22 and "present a petition on behalf of Violet Healy for leave to intervene" in the *habeas corpus* action, and that he would move the court that the order releasing

Healy from the custody of the sheriff be expunged from the record in accordance with the prayer of the petition. Andalman appeared before Judge McKinley on the twenty-second and presented the matter, but the court refused to entertain the motion, stating that unless he was shown some authorities to the effect that Andalman's client had a right to intervene, the petition could not be filed and the motion would not be entertained. Afterwards, on the same day, another notice was served by Andalman on the same attorneys, notifying them that on the following day, January 23, he would appear before Judge McKinley "and present a written motion and sworn petition on behalf of Violet Healy, copies of which have heretofore been served upon you, and shall ask for orders in accordance with said written motion and petition." On the next morning the parties appeared before Judge McKinley in open court and Andalman presented the motion. The court again asked if counsel had found any authorities that would warrant the intervention by Mrs. Healy in the *habeas corpus* action. The court said he would continue the matter until the following Saturday, which was the 25th, refused to enter an order continuing the matter and directed Andalman not to file the papers and the minute clerk not to receive them. Thereupon Andalman left the court room, on the eighth floor of the county building, and went to the clerk's office, on the fourth floor, and filed the papers. When the matter came up Saturday morning, January 25, the matter was again presented by Andalman, who stated to the court that he had filed the papers on the 23d so that there would be a record of them. The court thereupon entered an order that Andalman show cause why he should not be adjudged in contempt of court for filing the papers contrary to the court's direction. Afterwards, when the matter came on, Andalman prepared a written answer, which the court refused to consider, holding that the contempt was direct and therefore the answer was improper. The matter was

heard and an order adjudging Andalman to be in contempt was entered, sentencing him to be confined in the county jail one hundred and twenty hours. Andalman sued out a writ of error from the Appellate Court for the First District. On December 1, 1930, the Appellate Court entered an order affirming the finding of the lower court that the plaintiff in error was guilty of a direct contempt of court and reversing the judgment of the superior court only in so far as punishment by imprisonment was provided for and remanded the cause to the superior court with directions that a fine be imposed. The cause is brought here by Andalman for review on writ of error. No cross-errors are assigned.

Plaintiff in error contends that he had a right to file the petition on behalf of Violet Healy in the *habeas corpus* proceeding because she was not an interloper in that proceeding, being a party in interest although she was not technically a party of record. Whether or not she had a legal right to intervene is not here involved.

It is further contended that the court should have expunged the order discharging Healy from the custody of the sheriff in the *habeas corpus* action because Judge McKinley had no right to review the order, which was entered by Judge Williams, and that section 36 of the Habeas Corpus act, under which the *habeas corpus* proceeding was brought, is unconstitutional and void. We think neither of these questions is before us. The constitutionality of section 36 was waived by plaintiff in error by taking the case to the Appellate Court. The question before us is not whether Judge McKinley had jurisdiction in the *habeas corpus* proceeding but whether there was a contempt of court committed by plaintiff in error.

It is contended by plaintiff in error that the contempt of court, if any, was an indirect contempt, and that a sworn petition or affidavit is a vital jurisdictional prerequisite before a rule to show cause may be entered for an indirect

contempt, and that no such sworn pleading was filed in this case, and that, therefore, the entire contempt proceeding was void. The right to punish an offender for a contempt of court is a right inherent in the superior court of Cook county independent of any statute, and when the act constituting such contempt is committed in the presence of the court, the court has a right to deal summarily with the offender and without hearing any evidence punish the offender. In such case the court acts upon view and upon its own knowledge. (*People* v. *McDonald*, 314 Ill. 548.) A contempt committed in any place set apart for the use of any constituent part of the court during the session of the court is committed in the presence of the court, and any conduct constituting a contempt in the presence of any one of the constituent parts of the court while engaged in the business devolved upon it by law is a contempt committed in the immediate presence of the court. (*People* v. *Cochrane*, 307 Ill. 126.) On January 23, 1930, the judge in open court denied Andalman leave to file the papers and ordered his minute clerk not to file them, and on January 25, 1930, when the matter again came up in open court, Andalman announced to the judge that he had filed the papers. The court in its order of commitment rightfully found that the acts of Andalman were an imposition on the court and calculated and intended to impede, embarrass and obstruct the court in the due administration of justice and were in flagrant disregard of its orders and in contempt of court.

The judgment of the Appellate Court is affirmed and the cause is remanded to the superior court of Cook county, with directions to impose a fine upon plaintiff in error upon a consideration of the facts shown by the record in this case.

*Affirmed and cause remanded, with directions.*