(No. 22266.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GOLA WHITLOW *et al.* Plaintiffs in Error.

*Opinion filed June 15, 1934.*

R. E. Smith, and Carl Choisser, (Loren E. Lewis, of counsel,) for plaintiffs in error.

Otto Kerner, Attorney General, Marion M. Hart, State' Attorney, J. J. Neiger, and Robert E. Hickman, for the People.

Mr. Justice DeYoung delivered the opinion of the court:

By an order of the circuit court of Franklin county, Gola Whitlow, John Moulin and Clyde Lipe were adjudged guilty of contempt of court and sentenced to imprisonment in the county jail for the period of six months. Upon a writ of error, the Appellate Court for the Fourth District affirmed the order. Thereafter, the plaintiffs in error prosecuted a writ of error from this court and the record is submitted for a further review.

The pertinent facts disclosed by the order of commitment are as follows: On January 31, 1933, while the circuit court of Franklin county was in session in the court house in the city of Benton, the Hon. Charles H. Miller, Judge, presiding, an affray took place upon a walk adjacent to the court yard and leading to the court house. As a result a disturbance occurred in and about Judge Miller's

court room. The judge dispatched all the court officers, including an officer in charge of a jury then in deliberation upon a verdict, to quell the disorder in the court yard. He also directed the State's attorney to make an immediate investigation of the cause of the disorder and to bring the guilty parties before the court to be punished for contempt. Pursuant to this command, the State's attorney made an investigation and, on the same day, brought the plaintiffs in error into court, asserted that they were the guilty persons, and asked permission to introduce evidence against them on the following morning. The plaintiffs in error were placed in the custody of the sheriff. On the succeeding day, the State's attorney renewed his request to introduce evidence. The court granted the request. Permission was then given the plaintiffs in error to be represented by counsel. Witnesses both in behalf of the prosecution and the plaintiffs in error were heard. The court found that, on the preceding day, the plaintiffs in error had violently assaulted Leal W. Reese, an attorney at law, while he was on his way to Judge Miller's court room to file a pleading in a pending injunction suit and that the disturbance in the court room resulted. The order of commitment recites that the plaintiffs in error were in contempt of court because of such conduct, that the contempt was contumacious and tended to obstruct the proper administration of justice, and that there was no justification for or fact in mitigation of their conduct.

To reverse the order, the plaintiffs in error contend that it is not predicated upon facts judicially known to the court, but upon conclusions unsupported by matters occurring in the court's presence, and that by the entry of the order of commitment without a charge having been made against them and without the opportunity of answering a charge, they were denied due process of law. The prosecution, on the contrary, insists that the assault upon Reese occurred in the presence of the court and that it could there-

fore summarily punish the plaintiffs in error without a precedent order to show cause or other preliminary process.

The power to punish an offender for contempt of court is inherent in a circuit court. (*People* v. *Andalman*, 346 Ill. 149; *People* v. *McLaughlin*, 334 id. 354; *People* v. *McDonald*, 314 id. 548; *People* v. *Wilson*, 64 id. 195; *Clark* v. *People*, Breese, 340). Upon the commission of a contempt in open court, it is competent for the judge to proceed upon his personal knowledge of the facts and to punish the offender summarily without entering any rule against him and without hearing any evidence. (Rapalje on Contempt, sec. 93; *Cooke* v. *United States*, 267 U. S. 517; *Savin, Petitioner*, 131 id. 267; *Ex parte Terry*, 128 id. 289; *People* v. *Sherwin*, 354 Ill. 371; *People* v. *Andalman, supra; People* v. *McLaughlin, supra; People* v. *McDonald, supra; People* v. *Gard*, 259 Ill. 238). Misbehavior constituting a contempt committed in any place set apart for the use of any constituent part of the court, when it is in session, is deemed to have been committed in the presence of the court. (*Savin, Petitioner, supra; People* v. *Andalman, supra; People* v. *Cochrane*, 307 Ill. 126). The order adjudging a contemner guilty of contempt committed in open court must set out the facts constituting the offense with sufficient particularity and certainty to show that the court was authorized to make the order. (*People* v. *Sherwin, supra; People* v. *Rockola*, 346 Ill. 27; *People* v. *Hogan*, 256 id. 496). In a case where the proceeding for contempt is for acts committed, not in the presence of the court and not in furtherance of the remedy sought or in enforcement of the court's orders or decrees but to maintain its authority and to uphold the administration of justice, if the party should answer denying the alleged wrongful acts, his answer is conclusive, extrinsic evidence may not be received to impeach it, and he is entitled to his discharge. (*People* v. *McDonald*, 314 Ill. 548; *People* v. *Elbert*, 287 id. 458; *People* v. *Seymour*, 272 id. 295; *Hake*

v. *People,* 230 id. 174; *O'Brien* v. *People,* 216 id. 354; *Oster* v. *People,* 192 id. 473; *People* v. *Diedrich,* 141 id. 665; *Crook* v. *People,* 16 id. 534). If the answer is false, the remedy is by indictment for perjury. (*People* v. *McLaughlin, supra; People* v. *McDonald, supra; Hake* v. *People, supra*). On the other hand, if the answer admits the material facts charged to be true and the facts constitute a contempt of court, punishment is imposed. (*People* v. *Seymour,* 272 Ill. 295). In either event, the offender is tried solely upon his answer.

From the evidence set forth in the order of commitment, it is manifest that on January 31, 1933, while the circuit court of Franklin county was in session, there was misbehavior outside of the building in which court was being held, and that owing to its disorderly character, the court was interrupted in the conduct of its business. It is equally clear that the assault constituting the misbehavior did not occur in the presence of the presiding judge under circumstances which gave him personal knowledge of the facts. Upon ascertaining that the plaintiffs in error had assaulted Reese, the judge proceeded on the theory that contempts had been committed in his immediate presence or in a place set apart for the use of a constituent part of the court. No complaint in writing was filed which the plaintiffs in error might have answered under oath and thereby purged themselves of the charge of contempt. The proper practice would have been the issuance of a rule to show cause. To such a rule, the plaintiffs in error should have been allowed, if they so elected, to interpose sworn answers, and to be tried upon those answers.

The judgment of the Appellate Court and the order of the circuit court are reversed.

*Judgment and order reversed.*