(No. 31266.—

THE PEOPLE *ex rel.* The Chicago Bar Association, Defendant in Error, *vs.* PHILIP J. BARASCH, Plaintiff in Error.

*Opinion filed May 18, 1950—Rehearing denied September 18, 1950.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

CHARLES LEVITON, of Chicago, (CLARENCE E. FOX, JOHN F. SEMBOWER, and JEROME H. LEVITON, of counsel,) for defendant in error.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Philip J. Barasch, has sued out a writ of error in this court seeking the reversal of a judgment of the Appellate Court for the First District, affirming a judgment of the municipal court of the city of Chicago. By the judgment he was found guilty of direct contempt of court for practicing law without a license, and was sentenced to imprisonment in the county jail for a period of sixty days and ordered to pay a fine of $200 and costs.

The name of the plaintiff in error was stricken from the roll of attorneys of the State of Illinois by this court on December 20, 1938, and never reinstated.

The facts are set forth in a stipulation and are quite fully covered in the order of the court. It was there shown that the plaintiff in error instituted twenty-five actions in his own name as plaintiff in the municipal court, in which he asked for judgment for the amounts claimed and attorney's fees for himself, a layman, in each case. In seven of the actions he caused judgment by confession to be entered in his favor for the amount of the claims and attorney's fees, although there was nothing on the face of the instruments to show that they were ever assigned to him. Later he instituted garnishment proceedings in all seven cases.

On July 26, 1948, in the municipal court of Chicago, in the case of Barasch, Assignee v. Bolton, a cause then and there pending before Joseph H. McGarry, a judge of

said court, plaintiff in error appeared on a motion to dismiss and waived $11.78 in attorney's fees which he had previously sought, and was then and there accused of practicing law without a license.

Based upon these facts, further hearings and the admissions of Barasch, the order found that the plaintiff in error was guilty of a direct contempt of that court in that he, as a layman, attempted to deceive and practice a fraud on the court as above set forth. It was claimed by plaintiff in error that he was in the business of financing and buying accounts and that he was the sole owner of International Adjustment Company to whom the purported assignments were made and that he had a perfect right to prosecute the suits *pro se.*

It is further urged by plaintiff in error that the twenty-five cases filed by him on notes and conditional sales contracts that he owned were not before the court and that the court did not have personal knowledge of any of the matters pertaining to any of the said twenty-five cases that were presented in addition to the Bolton case. That, therefore, the contempt must have been indirect and plaintiff in error was, under the law, entitled to notice informing him of the charges and an opportunity to answer and be heard in his defense.

No other satisfactory explanation has been offered by him to indicate in what respect the contempt order is insufficient. All of the acts charged in the contempt order and all of the cases referred to were before the court as a part of its regular business and in law committed in the immediate presence of the court.

In a very recent opinion of this court, *People* v. *Harrison,* 403 Ill. 320, on page 324, we said: "Acts committed physically outside the presence of the judge, but admitted in open court, have also been held to constitute direct contempt. In *People* v. *Cochrane,* 307 Ill. 126, the contempt was committed before the grand jury, out of the

presence of the judge, and it was necessary to question the defendant to determine whether he was guilty of contempt. In *People* v. *Andalman,* 346 Ill. 149, the contemptuous act was filing papers with the clerk of the court contrary to the court's orders. In the case of *In re Estate of Kelly,* 365 Ill. 174, a spurious will was filed with the clerk of the probate court. All were held to be, and punished as, direct contempts largely on the basis that while not committed in the physical presence of the judge, they were direct contumacious acts committed in an integral part of his court, which fact is also held to justify the hearing of evidence by the judge in such cases to establish the direct contempt. Indirect contempt is defined as one which in whole or in an essential part occurred out of the presence of the court, is not admitted, and which is therefore dependent for its proof upon evidence of some kind. (*People* v. *Sherwin,* 353 Ill. 525.)"

In the case of *People ex rel. Illinois State Bar Ass'n* v. *Schafer,* 404 Ill. 45, at page 50, we said: "It would be difficult, if not impossible, to lay down a formula or definition of what constitutes the practice of law. 'Practicing law' has been defined as 'Practicing as an attorney or counselor at law, according to the laws and customs of our courts, is the giving of advice or rendition of any sort of service by any person, firm or corporation when the giving of such advice or rendition of such service requires the use of any degree of legal knowledge or skill.' "

We believe the plaintiff in error was guilty of the unauthorized practice of law for which he has been adjudged in contempt.

Plaintiff in error further contends that the trial court deprived plaintiff in error of his liberty without due process of law in violation of the fourteenth amendment of the Federal constitution, but this court has many times held the Civil Practice Act requires that where a case is taken to the Appellate Court for review, where other errors are

assigned of which that court has jurisdiction, the party suing out the writ of error is deemed to have waived all constitutional questions on further review in this court. *People* v. *Parker,* 396 Ill. 583; *People* v. *Rosenthal,* 370 Ill. 244.

Finally, plaintiff in error insists the punishment imposed was excessive under the circumstances surrounding this case. However, he was a former member of the bar and should have known that his acts in prosecuting the cases complained of were, in fact, an engagement in the practice of law without a license. We do not feel that the court abused its discretion under the facts shown in this case or that the punishment was excessive.

The judgment of the Appellate Court is correct, and it is affirmed.

*Judgment affirmed.*

Mr. JUSTICE GUNN, specially concurring:

I concur in the finding that the plaintiff in error is guilty of contempt, but not in all of the findings of the trial court, nor all that is said in the opinion of this court.

The plaintiff in error was a disbarred lawyer, and had acquired by assignment a number of promissory notes which contained an agreement to pay attorney fees in case of default or suit for collection. This is a legal provision to have in a promissory note. (Ill. Rev. Stat. 1949, chap. 98, par. 22.) The plaintiff in error brought suit in the name of an adjustment company, of which he claimed to be the sole owner, and signed each complaint "Philip J. Barasch," and made an affidavit to the complaint in his individual name. The authorization to confess judgment was executed by another lawyer, fixing the amount of attorney fees, and judgment was entered for the plaintiff in error for the full amount of the note plus the attorney fees.

No relation of attorney and client appears. The plaintiff in error had no client except himself, and he as a layman and individual had a constitutional right to prosecute

his own case without a lawyer, and therefore in that sense was not practicing law any more than the constitution gives him the right to attend to his own property. If a layman had done the same thing he would not be practicing law, and since plaintiff in error was no longer a lawyer he was a layman attempting, as he had a right, to enforce, as was lawful, his own claims in the courts of this State.

Based upon these facts the trial court found that the plaintiff in error was guilty of direct contempt for practicing law without a license in this court. This finding I think was not justified by any evidence, and was in fact erroneous. However, the trial court further found that the plaintiff in error was guilty of contempt as a layman in attempting to deceive and practice a fraud upon the court, in that he was claiming an attorney fee for himself, and that he was attempting to sue as assignee of certain notes, which he claimed to have been assigned to him, but which had not been in fact assigned to him, whereby the court was deceived into working a fraud upon the defendants in such cases, in that the court believed that attorney fees were proper to be allowed, when in fact plaintiff in error does not claim he had employed an attorney to whom he became obligated to pay fees.

The plaintiff in error was not entitled to have attorney fees included in his judgments unless he had in fact employed attorneys. I am of the opinion that the finding of the court that plaintiff in error is guilty of contempt as a layman was well justified by the facts, but, since the opinion goes further than this, and affirms the judgments of the municipal and Appellate Courts without making the distinction above pointed out, I cannot agree with all that is said in the opinion, although I do agree with the result.