People of State of Illinois, Defendant in Error, v.
Michael J. Hagopian, Plaintiff in Error.

Gen. No. 45,494.

filed July 3, 1951. Released for publication July 17, 1951.

HARRY J. BUSCH, of Chicago, for plaintiff in error;
HARRY J. BUSCH, and MYER H. GLADSTONE, both of Chicago, of counsel.

IVAN A. ELLIOTT, Attorney General, of Springfield,
for defendant in error; JOHN S. BOYLE, State's At-

torney, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, EDMUND H. GRANT, and JOSEPH M. WOSIK, Assistant State's Attorneys, all of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

■■ The criminal court of Cook county adjudged plaintiff in error guilty of direct contempt and sentenced him to imprisonment in the county jail for one year. He appealed directly to the Supreme Court which held that no fairly debatable constitutional question was involved, and transferred the case to this court. (*People v. Hagopian,* 408 Ill. 618.) The only question which remains is whether an attempt to bribe or influence a juror at a place distant from the court constitutes a direct or indirect contempt. In a direct contempt the court has full summary jurisdiction. It proceeds without petition and answer and the court acts without giving defendant a right to counsel. With respect to an indirect contempt, however, a petition must be filed and respondent allowed to answer. If in his answer he denies the direct wrongful acts, his answer is conclusive and he is entitled to discharge. *People v. Whitlow,* 357 Ill. 34 (1934); *People v. McDonald,* 314 Ill. 548; *People v. Pomeroy,* 405 Ill. 175 (1950). If the answer is false, the remedy is by indictment for perjury. *People v. McLaughlin,* 334 Ill. 354; *People v. McDonald,* supra.

■ Direct contempts are, as a general rule, confined to those cases where the contempt occurred in the presence of the judge and he is himself well equipped to form an accurate view of the facts. That category has been extended in some cases to include acts occurring beyond the personal presence of the judge but within the presence of some constituent part of the court or premises in the vicinity of the court-

641

room, even though the judge must be made acquainted with the facts by those who witnessed them, *People v. Cochrane,* 307 Ill. 126; *People v. Andalman,* 346 Ill. 149; *People v. Sheridan,* 349 Ill. 202; *In re Estate of Kelly,* 365 Ill. 174.

Contempts which have been held to be indirect were cases in which the offender attempted to influence a prosecuting witness, *People v. McLaughlin,* 334 Ill. 354; submission of a false bill of exceptions, *People v. Sherwin,* 353 Ill. 525; perjury committed in a divorce action with respect to which the judge had no personal knowledge, *People v. Harrison,* 403 Ill. 320; and where respondent made loud and insulting remarks about the judge in a court anteroom, which were not, however, heard by the judge, *People v. Pomeroy,* 405 Ill. 175.

 The controlling case is *People v. McKinlay,* 367 Ill. 504. There, respondent was charged by information and petition with corrupting a juror. The court held that *where the contempt is not witnessed by the trial court,* the proper procedure is that heretofore outlined for indirect contempt. The opinion did not discuss the exception sometimes recognized that juries are constituent parts of the court, and that a contempt committed in the presence of a juror would constitute a contempt committed in the presence of the court. Nevertheless, it is an imperative authority for the position of plaintiff in error that the contempt charged in the instant case is not a direct contempt. The most recent decisions, *People v. Harrison,* 403 Ill. 320 (1949) and *People v. Pomeroy,* 405 Ill. 175 (1950), while dissimilar in facts, show clearly that the Supreme Court of this State considers the proper sphere of direct contempts to be that in which the judge has personal knowledge of all the substantial elements that comprise the offense.

Defendant in error has cited a number of cases in the federal courts which follow a somewhat different

line. However, those cases arise under a federal statute quite different from the law of this State.

*Order reversed.*

TUOHY, P. J. and ROBSON, J., concur.