People of the State of Illinois, Plaintiff-Appellee,
v. Joseph Vitucci, Defendant-Appellant.

Gen. No. 49,401.

First District, Fourth Division.

May 6, 1964.

A. Jerome Moos, of Chicago (Harry G. Fins, of counsel), for appellant.

Daniel P. Ward, State's Attorney, of Chicago (Elmer C. Kissane and James R. Thompson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal taken from a judgment entered in the Criminal Court of Cook County finding Joseph Vitucci, defendant, guilty of contempt of court and sentencing him to 30 days imprisonment in the Cook County jail.

After the judgment was entered the defendant made a motion in arrest of judgment, a motion for a new trial, and a motion to vacate the judgment. All motions were overruled by the trial court.

The first point raised by the defendant is that the court lacked jurisdiction and improperly held the defendant to trial without any specification or written allegation setting out the offense upon which the court's finding was based. The defendant was held to be in contempt of court because he procured the discharge of one Samuel Pittman who was employed by the Economy Folding Box Corp., of which one Edward Fellin was president. Vitucci was supervisor of a group of workers of which Pittman was one. Oral complaint had apparently been made by Pittman against Fellin that Fellin had discharged him because he had been called to serve as a petit juror of the Criminal Court.

 If an employer discharges an employee who has been called to jury service and is required on that account to absent himself from his employment, there is no question that such conduct on the part of the employer would be contemptuous. People v. Huggins, 258 Ill App 238 (First Dist 1930). However, there is equally no question that it is an indirect contempt. An indirect contempt is one which, in whole or in essential part, occurred out of the presence of the court and is therefore dependent for its proof on evidence of some kind. See ILP Contempt, §§ 3 and 4, and cases cited therein. In People v. Pomeroy, 405 Ill 175, 90 NE2d 102, it is said: ". . . In such case

172

there must be a notice, citation or rule to show cause served upon the alleged contemnor. (People v. Whitlow, 357 Ill 34, 191 NE 222; People v. McDonald, 314 Ill 548, 145 NE 636.)" Also see People v. Hagopian, 408 Ill 618, 97 NE2d 782.

The record shows that Edward Fellin appeared before the Criminal Court of Cook County and a hearing was held to determine whether or not he was in contempt of court. During the hearing Pittman testified that he had worked for the Economy Folding Box Corporation for a year and a half; that his immediate superior was Vitucci, and that he was a machine operator. On or about the 18th of April 1963, he received a subpoena to serve as a juror in the Criminal Court of Cook County. The jury service was to commence on May 6. About May 1 he told Vitucci that he, Pittman, had to serve as a juror. Vitucci said he would tell Fellin about it and asked Pittman if there was any way that he could get out of it. He had no further conversation with Vitucci about his jury duty.

On May 3 Pittman was called into Fellin's office. Fellin showed him certain boxes which he said had come back because of imperfections. Fellin also told him that he couldn't put up with that and that he would have to discharge him. Pittman also testified that as far as he knew his work was satisfactory and that there had been no complaints about his work before that time. He testified that Fellin did not say to him that he was discharging him because he was going to serve on a jury, nor did he get any such idea until after a considerable period of time had elapsed. He had talked to a union official about his discharge, but said nothing about being discharged because he was going to be on jury duty. The union official also testified, saying that he had had a telephone conversation with Pittman who told him he had been discharged, but that he didn't know for what reason.

173

The union official went to the company and talked to Fellin, who told him he had discharged Pittman because his work was unsatisfactory. The union official then said he would call Pittman and set up a meeting and come back with Pittman. He made an appointment with Pittman which Pittman did not keep. He further testified that he was never advised by anyone that Pittman had received a jury summons.

Vitucci testified in favor of Fellin. In his testimony he stated that Pittman's work was not good; that he had previously talked to him about errors in items where Pittman forgot to change the number, and that he reported the matter to Fellin. He stated that no question was raised about the fact that Pittman had to serve as a juror, nor did he so inform Fellin; and they had no difficulty replacing Pittman during the period of his jury service. Vitucci further testified that the man who took Pittman's place was one Phillip Sansome, and that Vitucci's brother took Sansome's place.

At this point in the proceeding, the Assistant State's Attorney asked that Vitucci be joined with Fellin as a respondent to the contempt action. The attorney who was then representing Fellin told the court he was not representing Vitucci. The court continued the hearing, and at the second hearing Fellin's attorney told the court he was at that time representing Vitucci also.

Fellin testified and said that Pittman had been discharged because of his inefficient work. Vitucci told Fellin at the time that if he was going to get better work it would be necessary to git rid of Pittman. Pittman was called into Fellin's office and shown the defective boxes. He then told Fellin he didn't think he could do any better work. Fellin also testified that at the time he discharged him he did not know

174

that Pittman had been served with a subpoena for jury service. He also testified that he had had complaints on Pittman's work before that time; that Vitucci had been complaining about him for six months prior to his discharge. Fellin also stated he did not believe Vitucci had entered into a conspiracy to get his brother a job and have Pittman fired.

Pittman, recalled as a witness, testified that at the time he was discharged Fellin told him he was dissatisfied with his work, but that he did not tell him he would give him any opportunity to improve his work. The court thereupon discharged Fellin and found Vitucci guilty of contempt.

In this case no rule to show cause, either oral or written, was entered against defendant, Vitucci. The judgment entered by the court is that Vitucci is guilty of contempt of court in manner and form as charged herein. As we have stated, there was no rule to show cause, nor does there appear to even have been an oral charge entered in the record if such could have been held to be sufficient.

In People v. Westbrooks, 242 Ill App 338, a judge of the Criminal Court ordered that an attachment for contempt issue against Westbrooks by reason of his failure to appear as counsel for defendant in a cause then pending in the Criminal Court, and for failure to appear in court after having been notified by the sheriff. A writ of attachment was served and on the same day the court entered an order in which it found that the defendant, Westbrooks, "was in contempt for failure to appear as counsel for said defendant. . . ." In the Appellate Court the defendant argued that the order was not sufficient. The court held that the order found facts sufficient to show a contempt, and also held that if the defendant appears in court with notice of the reason for the issuance of the attachment, and seeks to purge himself of the

contempt, he waives the failure of the court to enter a formal rule which would have been the proper practice.

That case is distinguished from the instant case, since in the instant case although there had been an order entered that a rule to show cause be entered against Vitucci, no such rule was entered, nor is there any intimation anywhere in the record as to what the charge was against the defendant, Vitucci. Therefore, Vitucci could not be held answerable to a nonexistent charge and we cannot hold that he waived any of his jurisdictional rights. In any case, the court erred in finding Vitucci guilty. It has been held that a criminal contempt of court is a crime against the court and is a misdemeanor and must be proved beyond a reasonable doubt. People v. Siegal, 400 Ill 208, 79 NE2d 616; People v. Hagopian, supra. Also see People v. Barasch, 21 Ill2d 407, 173 NE2d 417, and In re Estate of Shapiro, 43 Ill App2d 78, 192 NE 2d 564.

After a careful examination of the evidence in this case, we must conclude that Vitucci was not convicted beyond a reasonable doubt. The judgment of the Criminal Court of Cook County is reversed.

Reversed.

ENGLISH, P. J. and DRUCKER, J., concur.