THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* IMAGE THEATRE, INC., Defendant-Appellant.

(No. 58661;

First District (1st Division)—March 18, 1974.

Patrick A. Tuite, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr. and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

On September 13, 1972, defendant Image Theatre, Inc. was charged by a criminal complaint with the offense of obscenity in violation of section 11—20a(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 11—20a(3)). On September 13, 1972 a *subpoena duces tecum* was issued directing defendant to bring a film to the Circuit Court of

Cook County for an adversary hearing in order to determine whether the film was obscene. The subpoena described the film as an "untitled motion picture" which was exhibited at the Image Theatre between 4:20 P.M. to 4:39 P.M. on September 13, 1972. The subpoena was served on the C. T. Corporation System, the registered agent of defendant, on September 14, 1972. On November 20, 1972, the trial court entered a rule to show cause why defendant should not be held in contempt for its failure to comply with the subpoena. Thereafter, on November 29, 1972, the court found defendant in contempt and assessed a fine of $1,000. Defendant appeals.

Defendant filed an answer to the rule to show cause on November 27, 1972, which was stricken by the trial court. The defendant filed another answer on November 29, 1972, which stated, *inter alia,* that the president of the Image Theatre, Inc., Thomas Shaughnessy, had searched for the films and was unable to locate the same and that the secretary of the corporation, Jill Pritchard, had not resided in the Chicago area for the past 6 months and therefore did not have control over the property of the corporation on the date the subpoena was served. The defendant also filed the sworn affidavit of Mr. Ronald H. Thoresen, who stated that he went to the Image Theatre on September 13, 1972, and removed certain motion picture films, being unaware at that time that any films were under subpoena to the court. The affidavit further stated that affiant removed the films because he learned that the assistant manager of the Image Theatre had been arrested and he did not want other persons to be arrested. Mr. Thoresen stated that he returned the films to the distributor "some time later".

After reviewing the answer of the defendant and Mr. Thoresen's affidavit, the trial judge stated that he assumed Mr. Thoresen was an agent of Image Theatre and therefore Image Theatre had removed the films which were under subpoena. The assumption of the trial court was strenuously objected to by defense counsel who requested a hearing on the rule to show cause. The trial judge expressed the opinion that the alleged conduct of the defendant corporation constituted a direct contempt of court and therefore a hearing on the rule was not necessary. The court entered an order reciting that the answer and affidavit of the Image Theatre "did not contain adequate explanation or justification for the refusal" to produce the film and a finding of contempt assessing a fine of $1,000 against defendant.

■■ Recently, the Illinois Supreme Court in *People v. Javaras,* 51 Ill.2d 296, 299-300, 281 N.E.2d 670, 671-72, enunciated a definitive restatement of the law as it pertains to criminal contempt proceedings in Illinois. In *Javaras,* the court stated:

> "Criminal contempt of court has been generally defined as conduct which is calculated to embarrass, hinder or obstruct a court

in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute. (*In re Estate of Melody* (1969), 42 Ill.2d 451; *People v. Gholson* (1952), 412 Ill. 294; *People v. Hagopian* (1951), 408 Ill. 618; *In re Estate of Kelly* (1936), 365 Ill. 174.) All courts are vested with an inherent power to punish for contempt as an essential incident to the maintenance of their authority and the proper administration and execution of their judicial powers. (*People v. Loughran* (1954), 2 Ill.2d 258; *People v. Siegal* (1948), 400 Ill. 208.) The case before us raises the question of the procedural requisites for such punishment.

The procedural requirements for judicial punishment for criminal contempt of court depend upon whether the contempt is 'direct' or 'indirect.' Previous decisions of this court have recognized two types of direct criminal contempts—those which are personally observed by the judge and those which are not personally seen by the judge but take place in an integral or constituent part of the court and are thereby deemed to have occurred in the constructive 'presence of the court.' (*People v. Skar* (1964), 30 Ill.2d 491; *In re Estate of Kelly* (1936), 365 Ill. 174; *People v. Andalman* (1931), 346 Ill. 149; *People v. Cochrane* (1923), 307 Ill. 126.) As a general rule, a direct criminal contempt (involving punishment of less than six months imprisonment) which is personally seen by the judge may be summarily punished without the necessity of a hearing or other procedural formalities. A direct criminal contempt which occurs in the constructive 'presence of the court' may call for the hearing of extrinsic evidence (*People v. Howarth* (1953), 415 Ill. 499; *People v. Harrison* (1949), 403 Ill. 320; *People v. Andalman* (1931), 346 Ill. 149), although, again, the proceeding may be essential summary in nature. If, however, such evidence is necessary to establish the contempt, notice and hearing are required. *Skar*, p. 494; *In re Oliver* (1948), 333 U.S. 257, 92 L.Ed. 682, 68 S.Ct. 499.

Indirect criminal contempts are those in which the whole or an essential part of the contemptuous acts occur out of the presence of the court; *i.e.*, they are not personally observed by the judge or do not occur in an integral or constituent part of the court. In a proceeding to punish for indirect contempt, the alleged contemner must be informed of the charges against him by information, notice, citation, or rule to show cause, and he must be given an opportunity to file an answer thereto and receive a full hearing thereon (*People v. Pomeroy* (1950), 405 Ill. 175; *People v. Whitlow* (1934), 357 Ill. 34; *People v. McDonald* (1924), 314 Ill. 548), together with a jury trial, when demanded, in cases involving

serious contempts. *Bloom v. Illinois* (1968), 391 U.S. 194, 20 L.Ed.2d 522, 88 S.Ct. 1477; *In re Estate of Melody* (1961), 42 Ill.2d 451."

Defendant contends that the contempt, if any, was an indirect contempt which entitled the defendant to a written rule to show cause, an opportunity to be heard, and the right of confrontation of witnesses. The People initially in their reply brief filed in this court maintained that the defendant's conduct constituted a direct contempt of court which permitted summary punishment of the contemnor.

During oral argument before this court and in their memorandum of supplemental authority filed subsequent to the oral argument, the People have modified their position as to the nature of the alleged contempt. They now maintain that the "lines between direct and indirect contempt are indistinct and often imperceptible" and that the conduct of the defendant corporation in the present cause is "not exactly a direct contempt * * * because everything did not happen before the trial court which was the basis of the contempt." The People, however, maintain that after the trial judge entered the order for a rule to show cause, two separate hearings were conducted and therefore defendant was afforded an adequate opportunity to present evidence.

We are of the opinion that an essential part of the defendant's alleged actions did not take place "in the presence of the court", and therefore direct criminal contempt proceedings were improper. The principal act for which the defendant was punished was the removal of the film from the Image Theatre while the film was under subpoena. The trial court assumed from the affidavit of Ronald Thoresen that, at the time he removed the film, Mr. Thoresen was acting as an agent for Image Theatre, Inc. This assumption is unwarranted because the affidavit is devoid of any information concerning the capacity in which Ronald Thoresen acted. Moreover, the defendant requested an opportunity to bring Mr. Thoresen into court to testify as to the capacity in which he acted. The court erred in denying this request. Defendant was not afforded an adequate opportunity to present evidence in its defense.

■■ We do not determine whether the defendant's conduct in this cause was contemptuous. We hold that the Corporation's conduct, if contemptuous, constituted indirect contempt of court. The procedural requirements for indirect criminal contempt were not complied with by the trial court. The judgment is reversed and the cause remanded with directions to proceed in a manner not inconsistent with the views expressed.

Judgment reversed and cause remanded with directions.

EGAN, P. J., and HALLETT, J., concur.