THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KENT L. ELLIS, Defendant-Appellant.
Second District (1st Division)   No. 75-439

Opinion filed July 27, 1976.

Ralph Ruebner and Joshua Sachs, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

Defendant appeals from an order of the trial court finding him in direct contempt of court and sentencing him to six months in prison. Defendant alleges that he was denied due process of law when he was subjected to a formal evidentiary hearing on an alleged contempt occurring in open court. We disagree and affirm.

On May 22, 1975, a pre-trial conference was held with the defendant being present. At the close of the conference, before a deputy in court could reach him, defendant turned and fled out the courtroom door. He was pursued and caught on the stairs of the courthouse. When defendant was returned to court the trial judge addressed him and indicated that he would be charged with direct contempt and that a hearing would be held

at 1:30 in the afternoon. The court appointed counsel to assist defendant at these proceedings.

At the hearing held that afternoon the trial judge recounted his observation that he had seen defendant jump over a railing and run out the door of the courtroom. The judge commented that about 10 to 15 minutes later defendant, handcuffed, was returned to the court. Other witnesses testified to essentially the same courtroom conduct on defendant's part observed by the trial court and to seeing defendant run at full speed down the hall, pursued by a deputy sheriff. Two deputy sheriffs testified to apprehending defendant at the bottom of the courthouse stairway after a scuffle.

■■■ Defendant, relying principally on *People v. Harrison* (1949), 403 Ill. 320, 86 N.E.2d 208, contends that when a judge knows of his own knowledge that certain matters have occurred in open court before him no testimony is required or permitted in a proceeding for direct contempt. In *People v. Jashunsky* (1972), 51 Ill. 2d 220, 282 N.E.2d 1, the Illinois Supreme Court rejected this contention citing the very case (*Harrison*) relied upon by defendant, when it stated, at Page 224, as follows:

> "It has been held that even though the charge be of direct contempt, that fact does not entirely preclude the judge from hearing evidence to fully establish the direct contempt. (*People v. Harrison*, 403 Ill. 320.) Where a direct contempt is committed in open court it is competent for the judge to proceed upon his personal knowledge of the facts and to punish the offender summarily without entering any rule against him and without hearing any evidence. However, when a direct contempt occurs in a constituent part of the court and not in the immediate presence of the judge as is the case here, extrinsic evidence is essential to substantiate the charge. *In re Estate of Kelly*, 365 Ill. 174. ＊ ＊ ＊ ."

See also *Taylor v. Hayes* (1974), 418 U.S. 488, 41 L. Ed. 2d 897, 94 S. Ct. 2697. Defendant's contention is without merit.

Defendant next urges that the trial court erred in relying, in imposing judgment and sentence, upon evidence extrinsic to his own observation relating to defendant's contempt. In *Jashunsky* the Illinois Supreme Court sustained the conviction of two defendants where testimony of witnesses other than the court were heard in support of defendant's guilt of direct contempt. Other cases have held that:

> "Misbehavior constituting a contempt committed in any place set apart for the use of any constituent part of the court when it is in session is deemed to have been committed in the presence of the

court and if contemptuous is a direct contempt. [Citations.]" (*In re Estate of Kelly* (1937), 365 Ill. 174, 179. See also *People v. Andalman* (1931), 346 Ill. 149, and reference to the foregoing cases in *Jashunsky* and *People v. Harrison* (1949), 403 Ill. 320.) Under the noted rule findings of direct contempt have been sustained where a forged will has been filed in the court clerk's office (*Kelly*) and where an attorney in disregard of the court's order filed papers in the court clerk's office (Andalman). In each of these cases the court sustained findings of direct contempt in circumstances where evidence extrinsic to the direct observations of the trial court was presented at a hearing.

Defendant contends that this case is governed by *People v. Thor* (1972), 6 Ill. App. 3d 1045, 286 N.E.2d 769. In *Thor* the appellate court reversed a finding of direct contempt where the trial court, at a hearing held subsequent to the alleged contemptuous acts, considered testimony as to conduct and statements made by defendant at locations outside the courtroom previous to and days after his allegedly contemptuous conduct, which occurred in the courtroom. The appellate court found that since the trial court had considered matters which occurred outside his presence in adjudging and sentencing defendant for direct contempt, his conviction must be reversed.

In our view the circumstances in the case at hand fall within the rule of *In re Estate of Kelly* and cases cited above rather than *Thor*, relied upon by defendant. The trial court personally observed defendant raise a disturbance in the courtroom in fleeing custody. Other evidence indicated that defendant's flight did not terminate until he was forcibly apprehended. Defendant's apprehension occurred outside the courtroom but inside the courthouse. His conduct, as testified to, was related to, and contemporaneous with, the pattern of his conduct observed by the judge in the courtroom. Defendant does not argue that he was prejudiced by the nature of proceedings held in this case and indeed these proceedings do not posit the significant opportunity for prejudice due to "surprise" testimony which existed in *Thor*.

Order affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.